*D. H. Colerick*, for the plaintiff.

*W. H. Coombs*, for the defendant.

---

## Muir *v.* The State.

A person cannot, as deputy clerk, administer an oath, unless he has been appointed such deputy in writing, and been sworn, according to law.

On an indictment for perjury, the defendant may show that the person who administered the oath alleged to be false, had no authority to administer it.

*Saturday,
July 18.*

ERROR to the *Ripley* Circuit Court.

Perkins, J.—Indictment for perjury. Verdict, guilty; and judgment on the verdict.

The perjury was assigned upon an answer of the plaintiff in error, at the spring term, 1844, of the *Ripley* Circuit Court, to a bill in chancery then pending in that Court. The oath to the answer was administered in the office of the clerk of the Court, by *J. S. S. Hunter* as deputy clerk, though he had not, as was proved on the trial, received a written appointment nor been sworn as such.

Upon the trial, the Circuit Court instructed the jury, in <span>May Term, 1846.</span> effect, that *Hunter* was competent to administer the oath in question, and that the defendant to the indictment might be <span>COOMBS v. ROSE.</span> convicted of perjury upon it. To this instruction the defendant excepted, and it raises the only question it will be necessary for us to decide. The provisions of the R. S. of 1843 constitute the law governing this case. Sect. 47 of chapt. 38 of that Code provides that "each clerk [of a Circuit Court], by writing under his hand, may appoint some suitable person as his deputy, who shall take a like oath as is required of the clerk;" and sect. 85 of chapt. 4, of the same Code, requires that "whenever any officer is authorized or required by law to appoint a deputy, such deputy before he shall proceed to act shall take the same oath, and file a certified copy thereof in the same office where his principal is required to deposit his oath." *Hunter*, the deputy clerk, who administered the oath on which the plaintiff in error was indicted, was not appointed according to the requirements of the statute; and the authorities are clear, that the defendant to an indictment may show that the officer who administered the oath charged to be false, acted under an invalid appointment, as a ground of defeating the prosecution; and if he establish that fact, he must be acquitted. *Rex* v. *Verelst*, 3 Campb. 432.—Roscoe's Cr. Ev. 673.—1 Hawk. P. C. c. 69, s. 4.—2 Chitt. Cr. L. 313.—2 Blacks. R. 1145.

*Per Curiam.*—The judgment is reversed.

*J. T. Brown* and *E. Dumont*, for the plaintiff.

*J. H. Bradley*, for the state.