Okey, J.
Proof by the state that L. E. Pettit was, at the time he administered the oath in question, acting as deputy clerk of the probate court, and had acted in that capacity about three years, with the assent of the probate judge and the acquiescence of the public, was prima facie sufficient to show that the oath was lawfully administered. R. v. Roberts, 38 L. T. (N. S.) 690 ; s. c., 14 Cox C. C. 101; Keator v. People, 32 Mich. 487. The general rule is that as to third persons and the public, the acts of one thus performing service are in all respects as valid as acts done by an officer de jure. Strang, ex parte, 21 Ohio St. 610; Cf. Bernier v. Becker, 37 Ohio St. 72; Munford v. Rice, 6 Munf. 81. But in prosecutions like this the rule is different. Notwithstanding the prima facie proof offered by the state, the accused had the right to show that L. E. Pettit was not ah office]- de jure, and so defeat the prosecution. This was held in the leading case of R. v. Verelst, 3 Campb. 432 (1813), where the person administering the oath had been an officer de facto for twenty years, and that case has been repeatedly followed in England and this country. R. v. Roberts, supra; R. v. Newton, 1 C. & K. 469; State v. Hayward, 1 Nott & M. 546; Muir v. State, 8 Blackf. 154; State v. Hascall, 6 N. H. 352; Biggerstaff v. Com., 11 Bush, 169 ; Lambert v. The People, 76 N. Y. 220; 3 Russ. Cr. 89 ; Ros. Cr. Ev. 815; 2 Bishop’s Or. L. § 1020. In Stephens v. State, 1 Swan, 157, as in Oaks v. Rogers, 48 Cal. 197, administering the oath in open court, by one not an officer, was regarded as the act of the court which directed it to be administered, and hence that case is not in conflict with the rule as stated.
In Warwick v. State, 25 Ohio St. 21, it was held that a deputy clerk of the probate court need not be an elector; but there the deputy had ■ been regularly appointed and qualified, hence was a deputy clerk de jxore, and therefore qualified to *499 administer an oatb like that in question here ; for the act was ministerial, and a deputy may perform any duty with respect to granting and issuing the license even in his own name (Walke v. Circleville, Chapin v. Allison, 15 Ohio, 288, 566), though regularly such acts should be done in the name of the principal. Here evidence was offered to show that L. E. Pettit was not a deputy clerk de jure, but the court said the evidence was immaterial, and therein erred.

Judgment reversed.