Waterman v. The State.

No. 14,596.

WATERMAN v. THE STATE.

CRIMINAL LAW.—*Return of Indictment.*—*Amendment of Record.*—*Plea in Abatement.*—Where the record does not show the return of an indictment into court it may be corrected by an entry *nunc pro tunc*, and a plea in abatement previously filed may then be overruled, the correction relating back to the time and being evidence of the return of the indictment.

SAME.—*Misconduct of Bailiff.*—*Setting Aside Verdict.*—Misconduct on the part of a bailiff or other person connected with a trial, which is known to and acquiesced in without objection by a party or his counsel, can not afterwards be made available as a ground for setting aside a verdict, even though it be of a character which would otherwise vitiate the verdict.

SAME.—*Embezzlement.*—*Ownership.*—*Consignee.* — A consignee has such a qualified ownership in the property consigned as will sustain a charge for the embezzlement of the property from the consignee as owner.

SAME.—*Requisition.*—*Jurisdiction.*—Where an accused is returned to this State, upon a requisition, to answer a charge of embezzling money, he may be tried upon an indictment charging the embezzlement of property.

From the Warren Circuit Court.

*C. V. McAdams,* for appellant.

*L. T. Michener,* Attorney General, *W. B. Reed,* Prosecuting Attorney, and *E. Stansbury,* for the State.

MITCHELL, J.—Waterman was tried and convicted upon an indictment which charged him with the crime of embezzlement. At the proper time, he pleaded in abatement that the record did not show that an indictment had been returned into court against him. After the plea was filed the record was amended so as to show that an indictment had been duly returned, and, upon the evidence of the record so amended, the court found the issue raised upon the plea against the defendant.

It is now contended that the court erred in admitting the amended record in evidence to defeat the plea, the argument being that the issue should have been determined upon the

facts as they existed at the time the plea was filed.    There is no merit in the point.    It was not only competent for the court, but it was its duty, whenever the fact was brought to its attention that the clerk had omitted to make the proper entry showing the return of the indictment, to cause the same to be done by an entry *nunc pro tunc*, so that the record would conform to the facts as they actually occurred and existed. *State* v. *Pearce*, 14 Ind. 426 ;   *Long* v. *State*, 56 Ind. 133 ; *Chamberlain* v. *City of Evansville*, 77 Ind. 542.

When the record was corrected, the correction related back to the time of the returning of the indictment.    It did not bring any new facts into existence, but it became proper evidence of the facts as they existed before the filing of the plea.

It is insisted next, that the court erred in overruling the appellant's motion for a new trial on account of the alleged misconduct of the jury in permitting the presence of the bailiff in the jury-room during their deliberations.

All that appears in the record upon that subject is the affidavit of appellant's counsel, who deposes, in substance, that he was present in court during the deliberations of the jury, which continued for two hours ; that he saw the bailiff during that time frequently go to the jury-room, when there was no signal for him, and enter and remain in the room from ten to fifteen minutes at a time while the jury were deliberating, and that the bailiff told the affiant after the verdict was returned that he was present and knew how the jury voted on several ballots.

The conduct of the bailiff was reprehensible in the highest degree, and we can not but believe that if appellant's counsel had promptly reported the facts to the court at the time he observed the misconduct of the bailiff, in going unbidden into the jury-room, the matter would have been set right at once.

Ordinarily, the unexplained presence of the bailiff in the jury-room during the deliberations of the jury is such mis-

conduct as vitiates their verdict.    *Rickard* v. *State*, 74 Ind.
275; *McClary* v. *State*, 75 Ind. 260; *Doles* v. *State*, 97 Ind.
555.

In the present case, however, the affidavit of the appel-
lant's counsel discloses the fact that counsel saw the bailiff
go into the jury-room without any invitation or signal from
within, and that this was repeated again and again in his
presence, without protest or objection, although the counsel
was present in court at the time.    In whatever light counsel
may have regarded the conduct of the bailiff after an adverse
verdict was returned, it does not seem to have impressed him
as being of sufficient consequence at the time to justify men-
tion to the court.

Misconduct on the part of any one connected with a trial,
which is known to and acquiesced in without objection by
the party or his counsel, even though it be of a character
which might otherwise vitiate the verdict, can not afterwards
be made available as a ground for setting aside a verdict.
*Henning* v. *State*, 106 Ind. 386; *Coleman* v. *State*, 111 Ind.
563.

There is no substantial merit in the point which is based
upon some remarks of the prosecuting attorney in his closing
address to the jury.    Whatever there may have been which
went beyond the limits of fair inference to be drawn from the
evidence upon which comment was being made, was fully
eradicated by instruction and admonition to the jury and
counsel, promptly given on the spot by the court.

The court instructed the jury, in substance, that it was not
essential that the proof should show that the absolute and
unqualified ownership of the property alleged to have been
embezzled by the defendant was in the alleged owner; but
that if the proof showed that the property was in the hands
of such owner as consignee, and he was responsible to some
one for it, that would be a sufficient ownership.    An exam-
ination of section 1944, R. S. 1881, will make it plain that
this instruction was not objectionable.

A consignee has such a qualified ownership in the property consigned as will sustain a charge of larceny for the felonious taking of property from the consignee as owner. We have been cited to no authority which makes a distinction in that regard between larceny and embezzlement, and we can perceive no reason for making a distinction.

The record discloses the fact that the appellant was brought from the State of Michigan upon a requisition which stated that he was charged with embezzling divers sums of money, the property of Bruce & Ball. The appellant was afterwards indicted for embezzling money, and also, in another count of the same indictment, for embezzling property belonging to Bruce & Ball.

Subsequently the count charging the embezzlement of money was quashed. The point is now made that the court did not acquire jurisdiction to try the appellant except for the crime of embezzling money, as charged in the affidavit filed before the justice of the peace, upon which the requisition was obtained.

The charge in the indictment was substantially the same as the charge in the affidavit filed before the justice. The affidavit charged the crime of embezzlement in respect to money belonging to Bruce & Ball. The indictment charged the same thing, except that in one count it was charged that certain property of Bruce & Ball was embezzled, while in the other, although the same property was involved, it was laid as money.

This was simply charging the same offence in different ways, in order to meet the evidence as it might appear at the trial. There was no error.

Judgment affirmed, with costs.

Filed Oct. 10, 1888.