Buck *v.* Hughes.

No. 14,736.

## BUCK *v.* HUGHES.

CONTRACT.—*Husband and Wife.*—*Contract of Wife.*—*Validity of.*—A contract made by a married woman with the vendee of real estate, which provides that interest on the purchase-price due her shall be paid to her during life, and that the principal shall be paid at her death to her heirs, but that in the event of the death of her husband, or her separation from him, it shall be paid to her, is a valid contract.

SAME.—*Action on.*—*Pleading.*—To a suit for such purchase-price an answer alleging that the contract was reduced to writing, stating the terms upon which payment was to be made, and that the vendee was not in default, and that the obligation was not due, and specifically alleging that he had made no other contract in relation to the payment for the land, presents a good defence.

JUROR.—*Misconduct.*—*New Trial.*—Where a juror, when asked if he had served as a juror in a former trial of the same case, answered that he had not, and thereupon was accepted as a juror, without objection from the plaintiff, who was present at the former trial and testified as a witness, and knew that the juror had served on the former trial, when he answered that he had not, a new trial will not be granted for the misconduct of the juror, as it was the plaintiff's duty to object at the time.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.

*P. S. Kennedy, S. C. Kennedy, B. T. Ristine* and *H. H. Ristine*, for appellee.

OLDS, C. J.—This action was brought by the appellant against the appellee for the sum of three hundred dollars, the purchase-price of certain real estate sold and conveyed by the appellant to the appellee.

The appellee answered in two paragraphs, the first a general denial; the second paragraph admits the purchase of the land, but avers that the consideration for said land was his written obligation to the plaintiff by which he bound himself to pay to her eight per cent. interest on the sum of three hundred dollars during her lifetime, and at her death he was to pay the said sum of three hundred dollars to the heirs of the plaintiff; a copy of which written obligation is filed with

the paragraph of answer, marked " Exhibit A," and made a part of the same. It is further averred that the defendant has paid the eight per cent. to the plaintiff, from year to year as the same became due, and she has accepted the same, and that defendant never promised any other consideration for the plaintiff's interest in the land, and never had any other agreement, or contract, with the plaintiff concerning said land than the one stated in the answer.

The written instrument, a copy of which is set out with the answer, is as follows :

" This agreement between David W. Hughes and Lavina Buck, witnesseth : That said Hughes is indebted to the said Buck in the sum of three hundred dollars, the same being the purchase-money of her interest in certain real estate heretofore sold and conveyed by said Buck to said Hughes, and which is to be paid by said Hughes only upon the terms and conditions herein set forth : the said Hughes is to pay said Buck interest at the rate of eight per cent. per annum upon said sum, and to pay the same at the end of each and every year. It is further agreed that said Buck shall, in no event, sell, assign, or transfer, to any other person, this contract, or her interest therein, and that the principal sum of $300 shall not be paid during her life, except on the conditions hereinafter set forth ; and in case it shall not be paid to her in her life it shall, at her death, belong to her children in equal proportions. It is further agreed that while she lives with her husband, Samuel Buck, the said sum of $300 shall not be collected, or collectible, but he shall make provision for her ; and in case of his death, or for any reason she shall be dependent on herself for support, and shall need the principal sum of $300, then, in that event, she shall be paid by the said Hughes the whole or such part of said principal sum as shall be necessary for her support, or reasonable care ; but in no event shall said sum of $300 be due and payable while she lives with said Samuel Buck as his wife.          DAVID W. HUGHES."

A demurrer was filed to this paragraph, and overruled, and exceptions reserved, and the ruling is assigned as error.

There was no error in overruling the demurrer. The averments of the paragraph show that the contract and obligation for the payment of the land was reduced to writing, stating the terms upon which payment was to be made, and that he was not in default, and that the obligation was not due, and specifically alleging that he made no other contract in relation to the payment for the land. It is contended that the contract itself is void, for the reason that it is payable upon the condition that the appellant separate from her husband. We do not think the contract bears any such construction. It is a contract which the appellant had the right to make; she had three hundred dollars due to her for the sale of her real estate, and she takes a contract by which it shall be payable at her death to her heirs, but reserves the right, in case of the death of her husband, or in case she should separate from her husband and become dependent upon herself for support, that the sum shall, in that event, become due and payable to her. Her husband is legally bound to furnish her support, and she had the right to preserve her separate means for the benefit of her children. *Price* v. *Jones*, 105 Ind. 543.

There was a verdict and judgment for appellee, and the appellant filed a motion for a new trial, which was overruled, and she excepted, and this ruling is assigned as error.

The first reason urged for a new trial is that the court erred in admitting in evidence the contract set out with the answer. This question is disposed of by what we have said in regard to the ruling on the demurrer to the answer.

It is next contended that a new trial should have been granted on account of the misconduct of William E. Stone, one of the jurors. It appears there had been a former trial between the same parties in the same court, involving, to some extent, the same transaction. In the examination of the jurors in this case as to their competency to sit as jurors, the

juror Stone was asked if he had ever served as a juror in that court in a cause between these same parties, and he answered that he had not, and thereupon he was accepted as a juror.

As a general rule, parties may rely, and have a right to rely, on the statements of a juror, and are not required to institute an investigation as to the truth of the statements of a juror before accepting him as such. But a party has the right, if he knows at the time of facts making the juror incompetent, to present them to the court, and have the question of the juror's competency heard and passed upon by the court before entering upon the trial. In this case there had been a former trial between these same parties involving the same facts, in which there had been a verdict returned for the appellant. The affidavits affirmatively show that the appellant was present in person at the former trial, and testified as a witness. Being present in person at the former trial, the presumption is she knew the jurors that passed upon her case. It is also shown that she was present at the trial of this cause, and testified as a witness. It is not shown but that she had full knowledge of the fact that the juror had served as a juror on the former trial when he answered that he had not; and if she had it was her duty to present her objection to his serving as a juror at that time. We do not think there is any such showing as entitles the appellant to a new trial on account of the misconduct of the juror.

There is no error in the record.

Judgment affirmed, with costs.

Filed Jan. 28, 1891.