Filed March 6, 1896.

---

No. 17,675.

MASTERSON v. THE STATE.

NEW TRIAL.—*Misconduct of Bailiff.*—*Jury.*—The misconduct of the bailiff, in charge of a jury in a criminal case, in permitting some of the jurors to talk with different persons during an intermission, after the court had given part of its charge, does not entitle defendant to a new trial, where it appears by the affidavit of defendant's attorney that nothing was said concerning the cause of the trial, and that all the conversation took place in the presence of the bailiff, especially where it does not appear that such misconduct was not known to defendant before the jury retired to consider of their verdict.

SAME.—*Separation of Jury.*—*Criminal Law.*—A new trial will not be granted in a criminal case because of a separation of the jury without leave of the court, after they had retired to deliberate upon their verdict, in violation of the statute, if the verdict appears clearly to be right upon the evidence.

CRIMINAL LAW.—*Affidavit and Information.*—*When May be Filed.*—It is not necessary that the court be actually opened for the transaction of business at the filing of an information, under section 1748, R. S. 1894, providing that a public offense may be prosecuted by information, where the party charged is not already under indictment therefor, and the court is in session and the grand jury has been discharged for the term, but it is sufficient if it is filed with the clerk at any time after the commencement of a term, and before its final adjournment.

SAME.—*Perjury.*—*Indictment.*—*Oath.*—An indictment or information for perjury need not expressly allege authority in the officer who

Masterson v. State.

administered the oath to defendant to administer the same, where the facts alleged show that he had such authority.

CHANGE OF VENUE.—*From County.—Discretion.*—The granting or refusal of a change of venue in a criminal action, upon the ground of undue prejudice against defendant, is within the discretion of the trial court, under section 1840, R. S. 1894.

APPELLATE PROCEDURE.—*Motion for New Trial.—Bill of Exceptions.*—Recitals in a motion for a new trial cannot perform the office of a statement required to be incorporated in a bill of exceptions.

INSTRUCTIONS TO JURY.—*Joint.—Appellate Procedure.*—To render a specification of error in the giving of several instructions available as a cause for a new trial, all of the instructions named must be incorrect.

EVIDENCE.—*Authority to Administer Oaths.—Deputy Clerk.*—Evidence that the person who administered the oath to defendant charged with perjury was acting as, and performing the duties of deputy clerk at the time, is sufficient to establish his authority to administer the same.

SAME.—*Perjury.—Oath.*—It is not necessary to prove that the oath administered to defendant charged with perjury was in writing, where it is not so charged in the information.

SAME.—*Separation of Jury.*—That some of the jurors during deliberation upon their verdict, accompanied by the officer, visited a water-closet, does not constitute a separation of the jury within the meaning of the statute.

OATH.—*When Regarded as Administered by the Court.*—An oath administered in the presence of the court by an officer, who is incompetent, is regarded as administered by the court.

TRIAL.—*Jury.—Taking Indictment to Jury Room.*—It is proper for the court to permit the jury to take the information with them upon retiring to deliberate upon the verdict.

From the Kosciusko Circuit Court.

*Wood, Royse* and *H. R. Robbins,* for appellant.

*W. A. Ketcham,* Attorney-General, *L. B. McKinly, L. R. Stookey* and *H. S. Biggs,* for State.

MONKS, J.—Appellant was tried and convicted upon an affidavit and information charging him with

VOL. 144—16

the crime of perjury. There was a motion to quash the information, which was overruled. A motion for a change of venue was filed by appellant, which was overruled.

Appellant's motion for a new trial was also overruled.

The first error assigned is that the court erred in overruling the motion to quash the information.

The first objection urged to the information is that there is nothing in the record showing that the affidavit and information were filed in term time, and that, therefore, the court below had no jurisdiction.

It is provided by section 1679, R. S. 1881, section 1748, R. S. 1894, that "Whenever a public offense has been committed and the party charged is not already under indictment therefor, and the court is in session, and the grand jury has been discharged for the term, the same may be prosecuted in the circuit and criminal courts by information based upon affidavit." Affidavits and informations charging felonies cannot, therefore, be filed in vacation, but it is not required that they be filed while the court is in session. It is sufficient if they are filed with the clerk during term time, that is, at any time after the commencement of a term of court and before its final adjournment. It is not necessary that the court be actually open for the transaction of business. *Stefani* v. *State*, 124 Ind. 3.

It appears from the record that the affidavit charging appellant with perjury was sworn to on the 26th of February, 1895, and that said affidavit and the information thereon were filed during the February term 1895 of said court, and that the trial of said cause was commenced on March 5, being the 26th day of said February term.

It is evident that the affidavit and information were filed in said court on or after February 26, and be-

fore March 5, and during the February term of the court, and not in vacation, as claimed by appellant.

It is next insisted that the information is insufficient, for the reason that it is not alleged that the oath administered by Oren J. Chandler, deputy clerk, was one that the clerk was competent to administer. Citing *McGregor* v. *State*, 1 Ind. 231.

The information charged that the alleged perjury was committed by appellant while testifying in the Kosciusko Circuit Court, before the Hon. Edgar Haymond, sole judge of said court, as a witness on behalf of the defendant in the case of *State* v. *Wright*, in the court below.

This court knows, as a matter of law, that the clerk and deputy clerk of the Kosciusko Circuit Court had authority to administer the oath to appellant, as alleged in the information. When the facts alleged in an indictment or information for perjury show that the oath was one the officer administering it had authority to administer, it is not essential that such authority should be expressly averred. Besides, when an oath is administered by a clerk or his deputy in open court, it is under the superintendence of the court, and is as obligatory as if it had been administered by the judge of the court. *Server* v. *State*, 2 Blackf. 35.

The case of *McGregor* v. *State*, *supra*, is not in point. That was a case where the indictment charged that the perjury was committed by the defendant making an affidavit before the clerk of the Madison Circuit Court. At that time the authority of the clerks of the circuit court to administer oaths was limited to certain specified cases, and the court held that the indictment was bad, as it did not show that the oath upon which the affidavit was founded was one which the clerk was competent to administer.

Appellant claims "that his testimony, as set forth in the information upon which the charge of perjury was predicated, was not material to the issue joined in the case of *State* v. *Wright*."

The testimony of appellant, set forth in the information, strongly tended to establish an alibi in favor of Wright, who was being tried on a charge of burglary. The materiality of the matter testified to by appellant is fully shown by the facts alleged in the information, and also by a general averment to that effect.

The information was sufficient and met all the requirements of section 1747, R. S. 1881 (section 1816, R. S. 1894), which provides that "In an indictment or information for perjury or subornation of perjury, it shall only be necessary to set forth the substance of the controversy, or the matter in respect to which the crime was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with the proper averments to falsify the matter whereof the perjury may be assigned, without setting forth any part of any record or proceeding, or the commission or authority of the court, or other authority before which the perjury was committed."

The second error assigned is that the court erred in refusing to grant appellant a change of venue. This is also specified as one of the causes for a new trial.

Appellant filed his affidavit and motion for a change of venue from the county. The application was supported by the affidavit of his attorney. The prosecuting attorney filed counter affidavits of fifty-one persons, who stated that they were well acquainted with the citizens of the county, and that

there was no undue prejudice against appellant, and that, in their opinion, he could have a fair and impartial trial in said county. The court overruled the motion.

It is within the discretion of the court whether a change of venue shall be granted from the county. Section 1771, R. S. 1881 (section 1840, R. S. 1894); *Reinhold* v. *State,* 130 Ind. 467, and cases cited.

There is nothing in the record showing an abuse of this discretion.

The next error assigned calls in question the action of the court in overruling the motion for a new trial.

Among the irregularities assigned as causes for a new trial are the following:

1. Misconduct of counsel for the state in the closing argument to the jury.

2. That the court permitted disorder and demonstration in the court room, favorable to the prosecution, by which the appellant was prevented from having a fair trial.

The details of these alleged irregularities are set forth with great particularity in the causes for a new trial, but appellant has not referred to the page and line of the transcript where a statement of any such irregularity or misconduct is incorporated in a bill of exceptions. The only evidence of such irregularities contained in the record is in the motion for a new trial. Recitals in a motion for a new trial cannot perform the office of a statement required to be incorporated in a bill of exceptions. Elliott App. Proced., sections 294, 295 and 815.

No question is presented by these specifications in the motion for a new trial.

The fourth cause for a new trial was "that the court permitted the jury to take the information with them

when they retired to the jury room to deliberate upon their verdict."

This was not error. It is proper for the court to permit the jury to take with them the pleadings in a cause when they retire to the jury room for final consultation. *Stout* v. *State*, 90 Ind. 1; Gillett's Crim. Law, section 937.

Besides the court instructed the jury that the information was not evidence against appellant, and could not be considered by them as such.

The fifth cause for a new trial is that the court erred in giving of its own motion instructions one, two, three, four, six, seven and nine. To render this specification of error available as a cause for a new trial, all the instructions named must be incorrect. *Ohio, etc., Ry. Co.* v. *McCartney*, 121 Ind. 385; *Lawrence* v. *Van Buskirk*, 140 Ind. 481; *Indiana, etc., Ry. Co.* v. *Snyder*, 140 Ind. 647.

It is not claimed by appellant that there was any error in giving the first, second and fifth instructions.

The third instruction was concerning the rule of reasonable doubt, and is a copy of one approved by this court in *Garfield* v. *State*, 74 Ind. 60. For the reason that at least four of said instructions were correct, this cause for a new trial is not available. We have, however, examined all the instructions given, and think they contain a correct statement of the law.

The sixth cause for a new trial was that the court erred in refusing to give instruction one, tendered by appellant.

By this instruction the court was requested to charge the jury "That the State must prove as true that the oath was administered by Oren J. Chandler, deputy clerk, in writing; that Oren J. Chandler was duly appointed in writing as deputy clerk; that he

was duly sworn as deputy clerk; that his oath of office was duly entered on the clerk's commission."

The State was not required to prove any of these propositions. To establish the authority of Oren J. Chandler to administer the oath to appellant, it was merely necessary to prove that he was acting as and performing the duties of deputy clerk. Wharton Crim. Law, sections 1263, 1287, 1315; Wharton Crim. Ev., section 164.

It was not charged in the information that the oath administered to appellant was in writing, and it was not necessary to prove that it was in writing.

The law does not require that the oath of office taken by a deputy clerk shall be entered on the back of the clerk's commission, as stated in said instruction. Sections 5568, 5569, R. S. 1881 (sections 7584, 7585, R. S. 1894.)

If the person who administers the oath in fact has no authority to administer it, that is a matter of defense. *Muir* v. *State*, 8 Blackf. 154; 2 Wharton Crim. Law, section 1315. But an oath administered in the presence of the court by an officer, though incompetent, is regarded as administered by the court. *Server* v. *State*, *supra*; Wharton Crim. Law, sections 1263, 1287, 1315; *Stephens* v. *State*, 1 Swan (31 Tenn.) 157.

The instruction asked by appellant was properly refused by the court. The seventh and eighth causes for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law. We have read the evidence and find that it fully sustains the verdict of the jury.

It is also urged as a cause for a new trial that the court, after having been requested to instruct the jury in writing, read section 2006, from the Revised

Statutes of 1894, and also read the information to the jury.

The record shows that on March 8, at 5 o'clock p. m., appellant filed his motion in writing requesting "the court to give all his instructions to the jury in writing." The record also shows that the argument of counsel had been concluded and the jury instructed before 5 o'clock p. m. on said day. It is evident from the statements in the record that appellant's said request was made after the close of the argument of counsel and after the court had instructed the jury. The request was made too late.

The statute provides that such request must be made before the commencement of the argument. Section 1823, R. S. 1881 (section 1892, R. S. 1894).

The court committed no error, therefore, in not giving its instructions in writing.

The remaining cause urged for a new trial is misconduct of the jury and bailiff.

It appears from the record that after the court instructed the jury, they retired to their room, but before they had commenced to deliberate on the verdict, the court recalled them and said to them in open court that "they would remain in charge of the bailiff from that time, 5 p. m., until 7:30 p. m., at which time he would furnish his instructions to them."

The affidavit of Henry R. Robbins, attorney for appellant, made in support of this cause for a new trial, stated that during this time, while in charge of the bailiff, they were taken to a restaurant for their supper, to the postoffice and to the residence of the bailiff, and from there to the court room; that during said time four of the jurors went to the water-closet, two to closets in one room and two to closets in another room; that the bailiff accompanied said jurors to the

outside door of the room adjacent to said closet; that the jury were permitted to talk with different parties in the bailiff's presence, but not about the cause on trial.

There is nothing in the record showing any separation of the jury, except when the jurors visited the water-closet, when they were accompanied by the bailiff. This was not a separation of the jury within the meaning of the statute. *Cooper* v. *State*, 120 Ind. 377, (384).

The conduct of the bailiff in permitting the jurors to talk with different persons was reprehensible, and he should have been promptly punished therefor by the court.

It is shown by the affidavit of Robbins that nothing was said by the jurors or by any one to them concerning the cause on trial, and that what was said was in the presence of the bailiff.

We do not think there was such misconduct of the bailiff and jury as would entitle appellant to a new trial. Besides, it does not appear that the alleged misconduct was not known to appellant before the jury retired to consider of their verdict. *Mergentheim* v. *State*, 107 Ind. 567 (573); *Henning* v. *State*, 106 Ind. 386.

No separation of the jury is shown by the record within the meaning of the second clause of section 1842, R. S. 1881 (section 1911, R. S. 1894.) Even when there is a separation of the jury without leave of the court, after they have retired to deliberate upon their verdict, in violation of said section, if the verdict appears clearly to be right upon the evidence, a new trial will not be granted for that cause. *Riley* v. *State*, 95 Ind. 446; *Cooper* v. *State, supra.*

The verdict in this case was clearly right upon the evidence, so that even if there had been a separation

of the jury in violation of said section, a new trial could not be granted for such cause.

There is no error in the record.

Judgment affirmed.

