The Fifth Avenue Savings Bank of Columbus, Ohio, *v.* Cooper *et al.*

## THE FIFTH AVENUE SAVINGS BANK OF COLUMBUS, OHIO, *v.* COOPER ET AL.

[No. 2,252. Filed Nov. 4, 1897. Rehearing denied Jan. 6, 1898.]

APPEAL AND ERROR.—*Assignment of Error.*—Where the court overruled a demurrer to six paragraphs of answer, an assignment of error attacking but one paragraph should designate the particular paragraph attacked. *p. 15.*

SAME.—*Longhand Manuscript of Evidence.*—*How Made Part of Record.*—In order that the original longhand manuscript of the evidence become a part of the record on appeal, the record must affirmatively show that said transcript was first filed in the clerk's office, afterwards incorporated in the bill of exceptions, then presented to the trial judge and authenticated by his signature, and such bill of exceptions then filed with the clerk. *p. 16.*

INSTRUCTIONS.— *When Evidence Not in Record. — Presumption.*— When the evidence is not in the record the court will presume that requested instructions were refused because they were not applicable to the case made by the evidence. *p. 17.*

SAME.— *When Evidence Not in Record.*—Where the evidence is not in the record, instructions given by the court cannot be regarded as erroneous if they can be considered correct upon any state of facts admissible under the issues. *p. 17.*

NEW TRIAL.—*Misconduct of Jury.*—A new trial will not be granted on account of misconduct of jurors, unless it be made to appear affirmatively that the party complaining had no knowledge of such misconduct before the jury retired to consider their verdict. *pp. 17-19.*

From the Putnam Circuit Court. *Affirmed.*

*B. F. Corwin, S. A. Webb* and *H. C. Lewis,* for appellant.

*Henry H. Mathias, Silas A. Hays* and *Frank D. Ader,* for appellees.

HENLEY, J.—Appellant was the plaintiff below, and began the action upon a promissory note. Appellees

answered in seven paragraphs. Appellant demurred to each paragraph of the answer, which demurrer was overruled. Appellant replied, and the cause, being at issue, was submitted to a jury for trial. There was a verdict and judgment in favor of defendants. Appellant moved for a new trial, which was overruled.

The facts are these: McLaughlin Bros., residents of the state of Ohio, were the owners of a stallion which they desired to sell. They effected a sale of the horse to a company of farmers in Putnam county for the sum of $3,000.00. McLaughlin Bros. accepted three $1,000.00 notes in payment for the horse. These notes were signed by the purchasers, and were payable in a. bank in this State, and were negotiable by the law merchant. McLaughlin Bros. transferred these notes by written indorsement, before maturity, to the appellant. The first paragraph of appellant's answer was the general denial, the second, that the notes in suit were given without any consideration, and that appellant took them with knowledge of that fact. The third, that appellees signed the notes in suit under an agreement with the payees that the notes should be signed by certain other parties; also that said other parties refused to sign the notes, and the appellant took the notes with full knowledge of that fact. The fourth paragraph was a verified answer, alleging that the notes were never delivered by the makers to the payees. The fifth paragraph of answer averred that an agent of the said McLaughlin Bros. organized a stock company for the purchase of a certain horse, which they were offering for sale for $3,000.00, and that the appellees and three other persons subscribed for stock in said company, and that appellees were induced to subscribe for said stock by reason of certain false and fraudulent representations made by the agent of the payees of said

notes, and were, by false and fraudulent representations of said agent, induced to sign the notes in suit. That the horse for which the said notes were given was never in fact delivered to appellees. That prior to the transfer of the notes to appellant, appellees offered to return the said horse to the payees of said notes, and thereupon demanded a return of the said notes; and that the appellant took said notes with full knowledge and notice of such facts. The same facts are set out in the sixth paragraph of answer as in the fifth with the additional averment that appellant took said notes without paying anything of value therefor. The seventh paragraph of answer avers that before the bringing of the action the payers and indorsers of the note fully repaid the appellant the consideration received for the indorsement of the notes.

The assignment of error contains three specifications, which we will discuss in their order: First, that the lower court erred in overruling the demurrer of the appellant to the amended answer of the appellees; second, that the lower court erred in overruling the appellant's motion to strike out and suppress parts of the depositions of witnesses; third, that the lower court erred in overruling the appellant's motion for a new trial.

The first specification of the assignment of errors is too indefinite to present any question to this court. A demurrer was overruled by the lower court to six several paragraphs of answer. The sufficiency of but one of these answers is attacked by appellant's counsel in the argument. The particular paragraph of answer should have been designated in the assignment of errors if appellant desired to attack the ruling of the lower court in this court. Elliott's Appellate Procedure, section 337; *Bolin v. Simmons*, 81

Ind. 92; *Higgins* v. *Kendall*, 73 Ind. 522. Nor can the court notice any question presented by appellant depending in any way for its decision upon the evidence, as the evidence is not properly before us.

In order that the original longhand transcript of the official shorthand reporter's notes be made a part of the bill of exceptions, the record must affirmatively show that said transcript was first filed in the clerk's office, afterward incorporated in the bill of exceptions, then presented to the trial judge, and by him authenticated by his signature. It then becomes a part of the bill of exceptions. The bill of exceptions must then be filed with the clerk, and the matters properly contained therein become a part of the record. *Manley* v. *Felty*, 146 Ind. 194; *Pittsburg, etc., R. W. Co.* v. *Cope*, 16 Ind. App. 579. The record in the cause shows that on the 22nd day of August, 1896, a bill of exceptions designated as bill of exceptions No. 2, was filed in the office of the clerk of the circuit court, which bill of exceptions contained the longhand manuscript of the evidence as taken and prepared by the official reporter in this cause. The record further shows that on the 21st day of August said bill of exceptions No. 2, containing the evidence, was presented to the trial judge, and by him signed. It is further shown in the certificate of the clerk, attached to the manuscript, that the official reporter who took the evidence in this cause, filed in the clerk's office her longhand manuscript thereof, on the 22d day of August, 1896. If we accept the certificate of the clerk to the transcript as the proper mode of showing the time of the filing of the evidence in his office, it shows the filing at the same time, or upon the same day, the bill of exceptions was filed. This is not sufficient. *Manley* v. *Felty, supra*. And in this cause it affirmatively appears that the evidence was incorporated in the bill

of exceptions when presented to the trial judge, and by him signed on the 21st day of August, 1896.

The evidence not being in the record, the court will presume that the instructions asked and refused, were refused because they were not applicable to the case made by the evidence. *Jenkins* v., *Wilson*, 140 Ind. 544; *Holland* v. *State*, 131 Ind. 568.    The instructions given cannot be regarded as erroneous, if they can be considered correct upon any state of facts admissible under the issues. *Rapp* v. *Kester*, 125 Ind. 79; *Hilker* v. *Kelley*, 130 Ind. 356.

The tenth reason for a new trial related to the alleged misconduct of the jury trying the cause, and was as follows: "That J. B. Christy and John T. Jones, two of the jurors, were guilty of misconduct in this, to wit: That after the adjournment of the court, on the first day of the trial of this cause, the said two jurors went to the livery stable of George B. Cooper, one of the defendants in this cause, and asked the said Cooper to be allowed to see the horse in payment for which the note in suit had been given; that said Cooper directed that the horse be led out upon the floor of said stable, and caused him to be exhibited to the said two jurors; and that while said horse was being so exhibited, the said horse because of some accident or mismanagement, fell upon the floor of said stable, and by reason of said fall was severely injured, and disabled, and greatly damaged. The affidavit of Henry C. Lewis in support of said foregoing statement is herewith filed." The affidavit of said Lewis in support of said motion is as follows: "State of Indiana, Putnam County ss. Henry C. Lewis being of lawful age, and being first duly sworn, upon his oath says: That he is informed and believes that one Simpson Parker was on the 19th day of May, 1896, in the employ of Cooper Brothers, at

their livery stable at the city of Greencastle, Indiana. That between the hours of four o'clock p. m. and six o'clock p. m. of said day, John T. Jones and J. T. Christy, two of the jurors before whom was then being tried a certain cause of action in the Putnam Circuit Court, namely, the cause of the Fifth Avenue Savings Bank of Columbus, Ohio, against George B. Cooper et al., visited the said livery barn of the said Cooper Brothers, and requested George B. Cooper to exhibit to them a certain coach horse known as 'Mars' and numbered 1529, said coach horse being then and there kept at said livery barn. The said George B. Cooper thereupon directed said Parker to lead said horse from the stall into the main entrance of said barn, and to exhibit said horse to said Jones and Christy. That while said horse was being so exhibited as aforesaid, in the presence of said Jones and Christy, said horse became playful and excited and in some way fell upon the floor of said barn, and as a result of said fall was seriously injured. That the full extent of the injury to said horse resulting from said fall could not, at the time, be fully ascertained, but was then considered by every one present as being very serious. That affiant says that said horse so exhibited as aforesaid is the identical horse for which the note sued on in this cause was given, and that affiant acquired the information set out in the above affidavit from personal interview had with Simpson Parker and others, who were present at the time said accident occurred, and that he believes the facts stated in the foregoing affidavit to be true. [Signed.]    Henry C. Lewis."

"Subscribed and sworn to this 25th day of May, 1896.    Rose A. Gaines, Notary Public."    [Seal.]

No counter affidavits were filed by appellees. Courts cannot close their eyes to such palpable violations of duty by jurors as that detailed by this affida-

vit. The jurors may have gone to see the horse from idle curiosity, but the only reasonable view to take of their conduct is that they desired to see the object of the controversy which they were selected to pass upon, and determine for themselves whether or not appellees had been worsted in the transaction. But it is contended by counsel for appellees that the reasons stated in the motion for a new trial and the affidavit supporting the same are insufficient, because neither states when the appellant or its counsel learned of the misconduct of the jurors. It will be observed that the misconduct of the jurors as detailed by the affidavit, occurred upon the evening of the first day of the trial, and long before the evidence was concluded. Counsel for appellees are right in their position. "In no case will a new trial be granted upon the ground that the juror misbehaved during the trial, unless it be made to appear affirmatively that the party complaining and his counsel did not know the fact before the jury retired to consider their verdict." Thompson & Merriam on Juries, section 456; Thornton on Juries and Instructions, section 436; *Cluck* v. *State*, 40 Ind. 263; *Henning* v. *State*, 106 Ind. 386; *Long* v. *State*, 95 Ind. 481. Other objections to the affidavit are presented, but it is not necessary that we discuss them. We find no error in the record and the judgment of the lower court is therefore affirmed.