SIEBEKING ET AL. *v.* FORD.

[No. 18,486. Filed December 7, 1954. Rehearing denied January 21, 1955. Transfer denied March 21, 1955.]

366

*Nat H. Youngblood, Herman L. McCray* and *Ruth E. Maier,* all of Evansville, for appellants.

*John H. Jennings,* of Evansville, and *Ross, McCord, Ice & Miller,* of Indianapolis (on transfer), for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for the wrongful death of the appellee's minor son, Billy Ford, as a result of a truck and motorcycle accident. Issues were joined upon the appellee's complaint in one paragraph alleging acts of negligence, and the appellant's answer thereto. The cause was tried by a jury and the jury returned a verdict assessing appellee's damages in the amount of $11,000.00 and judgment was entered upon such verdict.

The sole error assigned for reversal is that the court erred in overruling appellants' motion for a new trial. Specification No. 21 in the appellants' motion for a new trial urges irregularity and misconduct of the jury

which was prejudicial to appellants and prevented them from having a fair trial. The appellee asserts that bills of exceptions numbered 1, 2 and 3 were not properly requested in the praecipe and are not therefore in the record before this court. The praecipe which is in the transcript in the instant case is as follows:

> "The defendants hereby request you to make up a full, complete, true and correct transcript of all papers, orders and proceedings filed, made and had in this cause, excepting only the defendants' original bill of exceptions containing the evidence and which said bill of exceptions you are requested to embody in said transcript without copying, and when so prepared, you will certify to said transcript, for use on appeal of this cause to the Appellate Court of Indiana."

The fact that such transcript was not appended to the transcript immediately before the certificate of the clerk is immaterial. Flanagan, Wiltrout and ██ Hamilton, *Indiana Trial and Appellate Practice*, §2201, comment 9. Also, this praecipe is sufficient to include all bills of exceptions. *Finerty, Auditor v. State ex rel. Greenwald* (1939), 215 Ind. 346, 19 N. E. 2d 846; *Smith v. Switzer* (1933), 205 Ind. 404, 408, 186 N. E. 764

Under the specification of misconduct in appellants' motion for a new trial there was filed with such motion the affidavit of three attorneys of the bar of the court below, one J. William Davidson and one Robert N. Tracewell, former judge of the Superior Court of Vanderburgh County, and one Robert J. Hayes. The affidavit of Davidson was included within the transcript, and the other two affidavits were properly certified by the clerk pursuant to a writ of certiorari filed separately. These affidavits show in substance the following facts:

That a police officer of the city of Evansville, Louis

Rausch, testifying for the plaintiff on rebuttal as the last witness in the case, and in answer to a question propounded by the attorney for the plaintiff, testified in substance that the defendant, William H. Siebeking, who was driving the truck involved in the accident, told him, the police officer, when he was interviewing him after the accident, that he, the defendant, did not give any signal for a left turn. That during the giving of his testimony said police officer held a roll of papers in his hand which he stated was a copy of his report. That he refused to show his report of the accident in question to counsel for the defendant. That immediately after the witness left the witness stand, the court excused the jury and directed them to stand aside within call of the bailiff. The judge and attorneys in the case left the court room and the jury walked out of the court room into the hall adjoining, and the police officer, Louis Rausch, who had just testified, followed the jury. That the jury surrounded said witness in a circle in the hall about fifty feet from the entrance to the court room and engaged in a conversation with him from two to five minutes. The affidavit of Robert Hayes certifies that while he was standing near one of the jurors, Clemen Hamilton, a conversation was had with said officer about police reports in general as to whether they were confidential, and said officer stated that they were. The affidavits of all three attorneys certified that the jurors surrounded the police officer witness and engaged in conversation with him after he had given his testimony.

Because of the nature of the accommodations generally in court rooms, it must be conceded that innocent conversations between members of the jury and third persons cannot be avoided, and in any case in which a party seeks reversal by reason of

alleged improper communications with jurors, facts must appear which would show that the party's rights were prejudiced by such conversation. Also, the history of the law as found in the recorded cases shows a constant effort on the part of courts of appeal to prevent juries from being approached by improper communications. The statute requires that the court admonish the jury "that it is their duty not to converse with each other, or suffer themselves to be addressed by any other person, on any subject of the trial." §2-2016, Burns' 1946 Replacement.

The question which we are called upon to decide is whether the lower court in the instant case erred in refusing to grant the appellants a new trial by reason of the circumstances shown as to the actions of the police officer witness in conversing with the jurors. It appears from the affidavits that this police officer witness made reference to his confidential reports of the accident in question in the presence of a juror, and immediately thereafter was surrounded by the jurors and engaged in conversation with the members of the jury.

The law is well settled that in matters of misconduct that if the party, or his attorneys, know of the misconduct at the time, or learn of it before the verdict and make no objection because of it, they cannot afterwards make it the grounds for a new trial. *Masterson* v. *State* (1896), 144 Ind. 240, 43 N. E. 138; *Buck* v. *Hughes* (1891), 127 Ind. 46, 26 N. E. 558; *Fifth Avenue Savings Bank of Columbus, Ohio* v. *Cooper* (1898), 19 Ind. App. 13, 48 N. E. 236. Similarly, it is held that misconduct on the part of anyone connected with a trial, which is known to and acquiesced in without objection by the party or his counsel, even though it be of a character which might

otherwise vitiate the verdict, cannot afterwards be made available as a ground for setting aside the verdict. *Waterman* v. *The State* (1888), 116 Ind. 51, 18 N. E. 63; *Henning* v. *The State* (1886), 106 Ind. 386, 6 N. E. 803, 7 N. E. 4; *Coleman* v. *The State* (1887), 111 Ind. 563, 13 N. E. 100.

From the bill of exceptions filed herein it appears that when this alleged misconduct occurred the judge and all the attorneys had retired to the judge's chambers, which was a room separate and apart, where they remained for about thirty minutes to settle the instructions. Thereafter the judge and all of said attorneys returned to the court room and all remained throughout the argument and the giving of the instructions, and after the giving of the instructions the jury immediately retired to the jury room, and afterwards returned the verdict for $11,000.00 for the plaintiff. It is apparent from such statement of the record that counsel did not have knowledge of such alleged misconduct before the jury returned its verdict, and this showing, standing as it does uncontradicted in any way or discredited, we are not at liberty to disregard. The fact that under the circumstances shown counter affidavits could have been presented, and that the appellee did not see fit to so present such counter affidavits imports verity to the facts stated in the affidavits in question.

It seems reasonable that the rule requiring that objections be made to such improper communications at the time, could only apply to proceedings done in open court or with the knowledge of the party who makes complaint of such matters, and not to proceedings out of court. Counter affidavits showing that no injury could have resulted may be submitted, and upon such showing the new trial may be denied.

The facts shown in the bill of exceptions show suffi-

cient misconduct to prejudice the rights of appellants. The lower court therefore erred in overruling appellants' motion for a new trial.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

Royse, P. J., not participating.

NOTE.—Reported in 122 N. E. 2d 880.