MONARCH BUICK COMPANY, INC. *v.* KENNEDY.

[No. 20,035. Filed September 13, 1965. Rehearing denied October 26, 1965.]

*Joseph M. Shannon,* of Indianapolis, for appellant.

*Hall & Zeiher,* of Indianapolis, for appellee.

HUNTER, J.—This is an appeal from an action in conversion, wherein plaintiff-appellee alleged that defendant-appellant tortiously converted the former's automobile. Appellee also prayed for exemplary damages. A trial by jury resulted in a verdict and judgment for appellee in the amount of Five Thousand ($5,000) Dollars. Appellant's assigned errors will be considered separately as warranted by his arguments on said errors.

Appellant urges that the trial court erred in denying his motion to make appellee's complaint more specific. Appellant cites no authority for this proposition. We hold that such asserted error is waived. Supreme Court Rule 2-17(e) ; *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551; *Himelstein Bros., Inc.* v. *The Texas Co.* (1955), 125 Ind. App. 448, 125 N. E. 2d 820.

Another error relied upon is the allegation that the trial court erred in overruling appellant's motion to strike that part of appellee's amended complaint which prays for exemplary damages. The only argument advanced in support of this proposition is the proposition that punitive damages are not allowed in an action for conversion. The "authority" given for this statement is as follows:

"Appellant has been unable to find a single case wherein punitive damages were allowed for anything less than false misrepresentation." (Appellant's brief, pp. 47-48)

Appellant has not indicated in his argument why exemplary damages would not be allowable in actions in conversion in the

proper case. Nor has it pointed to any authority, in this or other jurisdictions, directly supporting this proposition. Notwithstanding appellant's weakness in his argument, we will answer his question so far as warranted.

The Indiana Supreme Court has stated that where ". . . malice and oppression weigh in the controversy, exemplary or vindictive damages may be assessed." *The Louisville, New Albany and Chicago Railway Company* v. *Wolfe* (1891), 128 Ind. 347, 352-353, 27 N. E. 606. Fraud of the defendant in his actions towards the plaintiff is also an element. *Murphy Auto Sales, Inc. et al.* v. *Coomer, et al.* (1953), 123 Ind. App. 709, 112 N. E. 2d 589. The general rule concerning whether exemplary damages are allowable in actions in conversion is found in 89 C. J. S., *Trover & Conversion,* § 148 (b) wherein it is stated:

> "It is proper to submit to the jury the question of exemplary damages where the facts authorize a finding of malicious or reckless and wanton conversion."

Appellee herein alleged facts which would allow a prayer for exemplary damages: the complaint alleged that appellant "fraudulently violated the terms and conditions of said bailment"; and that according to representations of an agent of appellant, appellee's automobile was on bail to appellant when in fact it had already been possessed by another. Acts of fraud were generally alleged in that appellee stated in his complaint that appellant intentionally *caused* another to possess the car without notifying appellee of such action.

Although the only question adequately presented by appellant in this area is whether exemplary damages lie in an action for conversion, we also note that it is obvious from the above allegations, plus other general allegations in the complaint that in this cause, a prayer for punitive damages was entirely proper. Therefore, we hold that in an action in tortious conversion, punitive damages may be alleged and such were properly requested in the instant case.

Appellant further urges that there was no evidence to support the finding of conversion in the instant case. Tortious conversion is:

"The exercise of dominion over personal property to the exclusion and in defiance of the rights of the owner or withholding it from his lawful possession under a claim of title inconsistent with the owner's (title), . . ." *Hardy* v. *Heeter* (1951), 120 Ind. App. 711, 717, 96 N. E. 2d 682, citing *Prudential Ins. Co.* v. *Thatcher* (1937), 104 Ind. App. 14, 20, 4 N. E. 2d 574.

It has been held in Indiana that a bailee may be guilty of conversion. *Cleveland, etc., R. Co.* v. *Wright* (1900), 25 Ind. App. 525, 58 N. E. 559. In the case at bar, the evidence indicates that appellant was a bailee for hire, in fact requesting of appellee that the automobile be brought into appellant's place of business to correct a defect in same. Appellee had recently purchased the vehicle from appellant and the evidence shows that it was a "lemon." An agent told appellee that he would be notified when the car was repaired. However, the agent notified a General Motors Acceptance Corporation official by telephone to take possession of the car because it had been abandoned. In fact it had not been abandoned. Appellant had been paid for the automobile and the evidence indicates that by informing G.M.A.C. as it did, appellant's motive was to "take the easy way out" because it could not repair the car. Appellant otherwise had no interest in G.M.A.C. repossessing such. We cannot conclude as a matter of law that appellant's actions do not constitute tortious conversion. These acts are "the exercise of dominion over personal property to the exclusion and in defiance of the rights of the owner . . ." *Hardy* v. *Heeter, supra.* Your attention is called to *Sullivan & O'Brien, Inc.* v. *Kennedy* (1940), 107 Ind. App. 457, 25 N. E. 2d 267. That case is somewhat similar to the factual situation presented in the instant case. In *Sullivan, supra,* the plaintiff purchased a new automobile from the defendant, with an agreement to pay the balance

owed to said seller in monthly installments. Afterwards, before the payments to defendant were completed, plaintiff left the automobile with defendant for certain mechanical adjustments. Plaintiff's father thereafter went to defendant's place of business and paid the balance due on the car whereupon defendant delivered it to the father instead of delivering such to the plaintiff. This court held that those acts could constitute conversion. In the case at bar, although G.M.A.C. technically may have had a right to repossess appellees' automobile because he was delinquent in his payments, the evidence does not conclusively demonstrate that the lender would have done so had it not been falsely informed by appellant that appellee had abandoned the car and that G.M.A.C. should come and get it. Appellant only occupied the position of a bailee and had no title to the automobile whatsoever. Therefore, appellant had no authority or right to exercise such dominion over appellee's vehicle and to so act constituted conversion. Thus, we hold that there is evidence to support the jury's finding of conversion.

The last point that appellant attempts to support by authority is alleged misconduct of the jury in that the trial judge erred in allowing one of the jurors to become separated from the rest of the jurors and make a telephone call. After a thorough review of the record herein, it appears that appellant did not properly conserve this alleged error. Appellant has not indicated, nor does the transcript reveal, that appellant objected immediately after this alleged misconduct occurred. As stated in *Siebeking et al.* v. *Ford* (1954), 125 Ind. App. 365, 122 N. E. 2d 880:

> "The law is well settled that in matters of misconduct that if the party, or his attorneys, know of the misconduct at the time, or learn of it before the verdict and make no objection because of it, they cannot afterwards make it the grounds for a new trial." (citing) *Masterson* v. *State* (1896), 144 Ind. 240, 43 N. E. 138; *Buck* v. *Hughes* (1891), 127 Ind. 46, 26 N. E. 558; *Fifth Avenue Savings Bank of*

*Columbus, Ohio* v. *Cooper* (1898), 19 Ind. App. 13, 48 N. E. 236.

It affirmatively appears from the record that appellant's attorney was aware of the telephone call at the time it was made and that such act occurred before the verdict. We must therefore hold that appellant has failed to properly preserve this alleged error by failing to object immediately and prior to the verdict or discharge of the jury. Thus, we cannot review this question in this appeal.

For the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Bierly, C. J., Mote and Smith, JJ. concur.

NOTE.—Reported in 209 N. E. 2d 922.