HOMESTEAD FARMS, INC. *v.* STATE OF INDIANA

[No. 1-475A67. Filed March 25, 1976. Rehearing denied May 5, 1976. Transfer denied September 14, 1976.]

*Gary Becker, Zoercher, Becker & Huber,* of Tell City, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Appellant Homestead Farms (Homestead) brings this appeal from the order of the Dubois Circuit Court granting appellee's (State) motion to correct errors and ordering a new trial.

## FACTS:

The proceedings pertinent to this appeal were initiated by the State's filing of a complaint for the appropriation of land

owned by Homestead. Appraisers were properly appointed, and their reports were filed in due time.

The State, however, objected to the reports of said appraisers and filed a demand for trial by jury. It appears that during the trial of the cause, one of the jurors was observed in a very brief conversation with a witness for Homestead. This fact was made known to the State only after the verdict was rendered. The jury eventually returned an award of $305,070.00 for Homestead.[1]

## I.

Before considering Homestead's arguments we must comment briefly on a point raised by the State in its brief.

The State contends that Homestead has saved nothing for our review because it failed to file a motion to correct errors following the granting of the new trial.

This issue was presented by the State's motion to dismiss or affirm, and was decided by our denial of said motion on October 5, 1975. By our order, we determined that Homestead's failure to file a motion to correct errors was not a jurisdictional obstacle which prevented consideration of this appeal and we will not again consider the State's arguments on the issue.

## II.

After considering the briefs of the parties and the various motions and affidavits presented to the trial court, we are compelled to hold that the granting of a new trial was improper.

We recognize that the granting of a new trial is a matter within the discretion of the trial court. As such, this court will reverse such a decision only where it is shown that such discretion has been abused. We have been guided in our review of this matter by the following characterization of "an abuse of discretion:"

---

1. The reports of the appraisers ranged from a high of $483,000 to a low of $92,448.

". . . An abuse of discretion, reviewable on appeal, is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts before the court or against reasonable, probable and actual deductions to be drawn therefrom. *Bailin* v. *Bailin* (1944), 223 Ind. 7, 57 N.E. 2d 436." *Guraly* v. *Tenta* (1956), 126 Ind. App. 527, 531, 132 N.E.2d 725. *See also, Parks* v. *Koser* (1955), 125 Ind. App. 585, 126 N.E.2d 785; *Dunbar* v. *Dunbar* (1969), 145 Ind. App. 479, 251 N.E.2d 468.

In addition, we have considered the authorities presented by the parties which discuss the standards applicable when considering juror misconduct.

The State urges us to adopt and apply the standard set out in *Pittsburgh C., C., and St. L. Ry. Co.* v. *Welch* (1895), 12 Ind. App. 433, 40 N.E. 650, 651:

"It is the rule that in order to justify the setting aside of a verdict on account of the misconduct of jurors, such misconduct must be gross and have probably injured the complaining party, *but where the misconduct is that of the prevailing party the court will not inquire as to what effect the misconduct had upon the verdict.*" (State's emphasis.)

The State contends, at least implicitly, that Homestead is the "prevailing party", and expressly argues that since the witness who spoke with the juror was a defense witness, such conduct should be imputed to Homestead.

Homestead also cites *Welch, supra,* and further argues that we should view the conduct in question in light of the following comment in *Van Sickle* v. *Kokomo Water Works Co.* (1959), 239 Ind. 612, 619, 158 N.E.2d 460:

"Misconduct of the jury, unless explicitly prohibited, must be gross and shown to have injured the complaining party, or it will not warrant a new trial."

In addition to the above, we have noted the statutory duty imposed upon the trial court by IC 1971, 34-1-21-5 (Burns Code Ed.) to admonish the jury that

". . . it is their duty not to converse with each other, or suffer themselves to be addressed by any other person, *on any subject of the trial;* and during the trial, that it is their duty not to form or express among themselves, an opinion thereon, until the cause is finally submitted to them." (Our emphasis.)

First, we reject the State's contention that the conduct of the witness can be imputed to Homestead. There is no evidence whatsoever that appellant or its counsel knew of or encouraged witness Beckman to converse with the juror. This is not a case involving direct or indirect misconduct of a *party.*

Further, we believe that a party complaining of juror misconduct must demonstrate material misconduct which probably had some effect upon the verdict. *Pittsburgh C., C. and St. L. Ry. Co.* v. *Welch, supra, Van Sickle* v. *Kokomo Water Works Co., supra, Siebking et al.* v. *Ford* (1954), 125 Ind. App. 365, 122 N.E.2d 880; *Brinkman* v. *Hovermale* (1938), 106 Ind. App. 70, 13 N.E.2d 885.

In the case at bar, Homestead presented the trial court with five uncontroverted affidavits in its motion in opposition to the State's motion to correct errors. These affidavits were submitted by the witness and juror who conversed outside the courtroom, and by the person who observed the conversation and two other jurors. These affidavits establish that the conversation, which lasted no more than two (2) minutes, did not touch upon matters at issue in the trial. The person who observed the conversation stated that the parties involved therein were truthful and honest, and that they conducted their conversation in an open and conspicuous manner. Further, two of the jurors stated that at no time during jury deliberations did juror Luegers mention his conversation with the witness, *nor* witness Beckman's testimony at trial. Finally, the witness stated he had no interest whatsoever in the outcome of the litigation.

Given the above, we hold that the only reasonable conclusion

to be reached is that the juror misconduct in this case had no effect upon the ultimate verdict reached by the jury as a whole.

"Because of the nature of the accommodations generally in court rooms, it must be conceded that innocent conversations between members of the jury and third persons cannot be avoided, and in any case in which a party seeks reversal by reason of alleged improper communications with jurors, facts must appear which would show that the party's rights were prejudiced by such conversation." *Siebking et al.* v. *Ford* (1954), 125 Ind. App. at 369, 370, 122 N.E.2d at 882.

There are no facts which show, or even indicate, that the conversation was anything but innocent, or that it prejudiced the State's case in any way.

Therefore, we find the trial court's conclusion was against "the probable and actual" deductions to be drawn from the facts before it, and we reverse.

Judgment reversed.

Robertson, C.J. and Lybrook, J., concur.

Note.—Reported at 343 N.E.2d 822.