## CITIZENS STREET RAILROAD COMPANY *v.* REED, ADMINISTRATRIX.

[No. 3,619.   Filed April 9, 1902.]

PRACTICE.—*Motion for Judgment.*—A motion that the court render judgment upon the special findings of fact contained in the answers to interrogatories by the jury, when judgment has already been rendered on the general verdict, is properly denied.  *p. 630.*

STREET RAILROADS.—*Negligence.*—*Death of Employe.*—*Complaint.*—In an action against an electric street railway the complaint averred that the railway had double tracks with poles between, which, where the accident occurred, were only three inches from the car, and that the tracks were very rough; that by the rules of the company it was its duty to have safety gates at the sides of the front platform to protect employes thereon; that plaintiff's intestate was an employe of the company, who in the line of his duty was at said time riding on the front platform; that the particular car on which deceased was riding had no safety gate, and that he was thrown against one of the poles and was killed; that he did not know of the absence of the safety gate and was wholly free from negligence contributing to the injury.  *Held*, that the complaint stated a cause of action.  *pp. 631-633.*

From Marion Superior Court; *J. L. McMaster*, Judge.

Action for damages by Nancy E. Reed, as administratrix of John Reed, deceased, against the Citizens Street Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, W. H. Latta, S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*A. C. Ayres, A. Q. Jones* and *J. E. Hollett,* for appellee.

Roby, J.—The appellant assigns three errors. The first and second attack the sufficiency of the amended complaint. The third error assigned is that the court erred in overruling the appellant's motion for judgment in its favor on the special findings of fact contained in the answers to the interrogatories by the jury, notwithstanding the general verdict.

The verdict was returned June 9, 1900. On June 25th, appellee filed a motion for judgment. On July 3rd her motion was sustained and judgment rendered in her favor against appellant, for $3,500. On July 9th appellant filed its motion for judgment in its favor upon the special findings of fact contained in the answers to the interrogatories by the jury, notwithstanding the general verdict of the jury. This motion was overruled and an exception reserved.

A motion, in practice, is defined as an application to a court by one of the parties in the cause in order to obtain some rule or order. Bouvier's Dict., title, "motion." A motion for judgment may be made at any time before judgment. *Jacquay* v. *Hartzell,* 1 Ind. App. 500, 504. A motion that the court render judgment when judgment has already been rendered is bad upon its face. The ruling upon a motion thus made can not constitute reversible error. To hold otherwise would be to introduce discord and uncertainty into judicial records and proceedings, without advantage or excuse. A motion for a new trial may, by the terms of the statute, be made at any time during the term. The effect of granting a new trial is to vacate judgment. The question here presented is not the same.

Appellant's third assignment of error is not therefore well taken.

Appellee sued as administratrix of the estate of John Reed, deceased, for the benefit of his widow and next of kin. She averred that on April 8, 1895, prior thereto and ever since, the appellant was operating a street railroad in Indianapolis; that its cars were operated by electric power; that it had double tracks on Washington street with poles between them to hold up the wires; that the space between cars passing over said tracks and said poles was only three inches at the point where decedent was killed; that at said place its tracks were very rough; that decedent was in appellant's employ as road officer, whose duty it was while riding upon appellant's cars to ride upon the front end, with the motorman, unless his presence was otherwise required; that appellant's cars were provided with safety gates at each side of the front end of the car; that such gates were necessary to protect a person standing on the front end of said cars from injury; that they ran so near the poles as to make it very dangerous and it therefore became necessary that such gates be maintained and that the rules of appellant required that no open ended cars be used. That on said day appellant in violation of its rules used a car without any safety gate or other protection on the side next to said poles. That decedent had occasion to ride upon said car and to carry a headlight to appellant's barn; that he got upon said car, passed to its front and upon the platform, and owing to the fact that there was no safety gate upon said platform next to said poles, fell off, was caught between the car and one of said poles and crushed to death. That at the time it was dark; that decedent had no opportunity of knowing and did not know that said platform had no safety gate. That the absence of such gate made the car dangerous and unsafe as appellant well knew; that such gate was necessary to make the front platform a safe working place for appellant's employes; that had such gate been provided, decedent would

not have been injured; that such car was old, worn and out of repair; that said accident happened wholly by reason of appellant's negligence and without fault or negligence on the part of decedent or appellee contributing thereto.

Taking the complaint as it stands, the decedent's death must be attributed to a combination of causes, i. e., a rough track, the proximity of the poles to the car and the absence of safety gates. These conditions combined with the decedent's action in passing through the car and upon the platform as he did, resulted in his death. His knowledge of the rough track and the position of the poles is not denied and is therefore conceded.

The use of the word negligent in connection with these two conditions adds nothing to the complaint. The third condition, i. e., the absence of safety gates, is said to have been unknown to the decedent. Failing to provide such gates is charged to have been a violation of the appellant's rules, and a negligent act.

If the absence of the gates, concurring with the other conditions, caused decedent to fall off the car as charged, such negligent omission may be a proximate cause of the injury. *Lake Shore, etc., R. Co.* v. *McIntosh,* 140 Ind. 261, 274-278; *Board, etc.,* v. *Sisson,* 2 Ind. App. 311; *Windeler* v. *Rush County, etc., Assn.,* 27 Ind. App. 92.

It is contended that the act of decedent in carrying a "headlight" through the car and out on the platform, without which the accident could not have occurred, was an act of negligence on his part and therefore a bar to recovery. The general averment that he was free from fault or negligence contributing to the accident makes the complaint good unless the facts specifically set out overcome it. *Chicago, etc., R. Co.* v. *Wagner,* 17 Ind. App. 22; *Ohio, etc., R. Co.* v. *Walker,* 113 Ind. 196, 3 Am. St. 638.

It can not be determined from the averments in that behalf that carrying the headlight was *per se* a negligent act, nor that it was done in a negligent manner. The averment

that decedent did not know that there was no safety gate is of a fact. The further averment that he had no opportunity to know of such condition is not an unsupported conclusion. It is shown that he had occasion to carry a headlight to appellant's barn; that he got upon the car and passed to its front platform; that it was dark at the time; that the appellant's rules required that no open ended cars be used. The conclusion, if it be so regarded, that he had no opportunity to know that there was no safety gate on this particular car may have been justified by the degree of darkness, by the character of the duty being performed and the attention necessarily given to it.

The complaint does not state specific facts overcoming the general averment that decedent was free from fault, nor does it show that the risk created by the absence of a safety gate was open and obvious to and therefore assumed by him. The evidence is not in the record. As a matter of pleading it is shown that decedent met his death by reason of appellant's negligence.

Judgment affirmed.