## COMER *v.* HAYWORTH.

[No. 4,242.    Filed December 10, 1902.]

HUSBAND AND WIFE.—*Conversion of Wife's Money With Knowledge of Husband.—Partnership.*—A draft in payment of a married woman's land was made payable to a third party for her use. The third party, on order of the husband of such married woman, without her knowledge or consent, assigned the draft, without consideration, to the husband's business partner. The money was credited to the husband, but used in the partnership business. *Held,* that the married woman might maintain an action against the firm, or against either of the partners, for the recovery of the money.

From Pulaski Circuit Court; *G. W. Beeman,* Judge.

Action by Margaret A. Comer against John R. Hayworth. From a judgment for defendant, plaintiff appeals. *Reversed.*

*William Spangler, J. M. Spangler, J. M. Fuller* and *H. R. Robbins,* for appellant.

*C. W. Barker, George Burson* and *J. C. Nye,* for appellee.

BLACK, P. J. — The complaint of Margaret A. Comer, appellant, against John R. Hayworth, appellee, consisted of two paragraphs. In the first it was alleged that the appellant about April 1, 1894, was the owner and entitled to the possession of a certain draft for $800, issued in payment for her farm, and made payable to William R. Jones, for her use; that Jones assigned the draft to the appellee, who drew the money thereon, and, without her knowledge or consent, wrongfully and unlawfully converted the money to his own use, to her damage in the sum of, etc., for which she made demand on the appellee before suit, but he refused

Comer *v.* Hayworth.

to pay, etc. In the second paragraph it was alleged that in the year 1894 the appellant was the owner of a tract of land in Jasper county, Indiana, which she sold and conveyed to William A. Rhinehart, who paid the money arising therefrom to William R. Jones, who, without her consent, or authority from her, paid $800 of the money so received from Rhinehart for the appellant to the appellee, who received the same without any right thereto, and, though she demanded the same from the appellee, he still retained it, and wholly failed to pay it to the appellant, wherefore, etc.

It is assigned here that the court erred in overruling the appellant's demurrer to the third paragraph of answer. In that paragraph, addressed to the entire complaint, it was alleged that in the year 1890 the appellee and the appellant's husband, William Comer, with W. R. Jones, entered into partnership for the purpose of buying and selling cattle and other live stock, and continued until June, 1892, when Jones retired from the firm, and thereafter the appellee and the appellant's husband continued in partnership, and continued to carry on that business until they finally dissolved partnership, the date of dissolution not being stated; that when these persons went into partnership, in 1890, William Comer was the owner of the land mentioned in the complaint, which the appellee then knew; that on December 24, 1891, William Comer, his wife, the appellant, joining him,—conveyed the land to their daughter and her husband (named), without consideration, and these grantees on the same day, without consideration, conveyed the land to the appellant; that appellee was never informed and did not know of this transaction until long after it had taken place, and was not informed and did not know that the appellant owned or claimed to own the land; that the appellee, while admitting that he received the sum of $800 of William R. Jones, substantially as alleged in the complaint, says that the same was received by him under

the following circumstances: At the time he received the money he was treasurer and custodian of the funds of the firm of Hayworth & Comer, doing business as aforesaid, and the money was paid in by order of appellant's husband, to be used by the firm as partnership money, and when appellee received the money it was placed to the credit of appellant's husband on the books of the firm, and was used by the firm in carrying on and conducting their said business, and the appellee received the money in no other manner and for no other purpose than as above stated; that at the time he received the money, and gave Comer credit therefor on the partnership account, he was not informed and did not know that the appellant was the owner or claimed any interest in the money, or that she was the owner or claimed to be the owner of the land for the sale of which the money was received by the said Comer; that the money was paid out by the firm in buying and dealing in stock, and when this firm was dissolved, "Comer was and had received credit for said funds," and the money was never used or expended by the appellee as his own separate money or in his private business.

The case presented by this answer in connection with the complaint is, briefly, that Hayworth received from Jones $800, of which Mrs. Comer was the owner; it being the proceeds of the sale of her land, held as such by Jones in money, or in the form of a draft made payable to Jones. The money so received by appellee was paid in by order of William Comer,—to whom addressed is not stated,—to be used as partnership money of a firm composed of Hayworth and William Comer. When Hayworth received it from Jones it was credited to William Comer on the partnership books, and was used by the firm in the partnership business; Hayworth not being informed when he received the money, and gave his partner credit therefor, that it was Mrs. Comer's money, or that she owned or claimed the land from the sale of which it was derived.

Comer *v*. Hayworth.

It does not clearly appear from the answer whether the appellee received the draft, or the amount thereof in money. What he received, he obtained from Jones. It is not shown that any consideration passed to the appellant or to Jones, or that appellee's partner,—appellant's husband,—was indebted to appellee upon a balancing of partnership accounts, and that the sum so received was paid in for the purpose of paying off any obligation to the appellee as a partner. It was credited to appellant's husband on the books of the firm, but it was paid in as partnership money, to be used in the partnership business; that is, as money belonging, with all other partnership property, to the partnership, and therefore to all the members of the firm, as their interests, upon an adjustment of partnership matters, might disclose.

It is alleged that appellee did not know that the money belonged to the appellant, or that she owned the land from the sale of which the money was derived; but it is not alleged that he did not know of the sale of the land, or that he did not know that the money was derived therefrom, or that he had been informed that the money belonged to his partner, or that he believed it to belong to his partner, or that he made any inquiries or investigation concerning the ownership of the draft or the money. The draft or the money was in the possession of Jones, who held it as the property of appellant. It passed from the possession of Jones, not to the possession of appellant's husband, but directly to the appellee. It never was in the possession of appellee's partner, except as it may be said to have been in his possession as a partner after it had been appropriated as partnership money. The money belonging to the appellant was thus appropriated without her knowledge or consent.

Where one person appropriates the money or property of another, without the knowledge or consent of the owner, the appropriation is wrongful, and an action may be maintained for its recovery without previous demand. *Armacost* v. *Lindley,* 116 Ind. 295, 296.

Where one person has received money for the use of another, with the knowlege and consent of the latter, and after its receipt has wrongfully converted the money to his own use, or to the use of himself and a third person, an action will lie for the recovery of the money without a demand before suit. *Terrell* v. *Butterfield,* 92 Ind. 1.

Where a husband takes possession of the *corpus* or principal of the separate property or money of his wife, he is presumed, under our law, to hold it for her use and benefit, until this presumption is overcome by proof of her intent to make a gift of the property to him. The burden is upon him to show that his appropriation of the property was in accordance with her direction, or that she gave it to him. Where she never acquired actual dominion over such money or possession thereof, he having collected and appropriated it to his own use, the fact that he collected and received it with her consent would not raise a presumption that she intended to give it to him. *Denny* v. *Denny,* 123 Ind. 240.

If the husband took the wife's property with her consent, unless the facts and circumstances show an agreement or an intention on her part that he shall have it as a gift, he will be presumed to have taken it as her agent or trustee. In such case she may declare against him, not for conversion, but for money had and received to her use. *Armacost* v. *Lindley, supra; Parrett* v. *Palmer,* 8 Ind. App. 356, 52 Am. St. 479.

If the appellant had loaned the money to her husband alone, the credit therefor being given by her knowingly and voluntarily to him individually, the firm or the appellee would not have been liable for the money, though it were put into the partnership by the husband and used for the purposes of the firm. In such case her contract would be unconnected with the application or use of the money by the borrower, and she would be the creditor of the person with whom she contracted, without regard to the partnership.

Comer *v.* Hayworth.

If money, which has no earmarks, being in the possession of the husband of the owner thereof, were by him, in breach of trust, paid into the partnership of which he was a member, and used as partnership money, the right of the wife to recover of the firm or her husband's partner would not be affected by the fact of her being the wife of the trustee who so misappropriated the money. In any other case of like breach of individual trust by a partner, by the misappropriation of trust money to the use of the partnership, the right of another partner to relief from liability to the *cestui que trust* would depend upon equitable considerations,— not alone on the question whether or not he was ignorant of the source from which the money was derived, and innocent in the matter of its misappropriation, but also upon the question whether or not, under the circumstances, it could be said that as to him there was a consideration for the payment of the money, amounting to the parting with value therefor by him, and further, upon the question whether he exercised that diligence required of one who seeks the protection of equity, by making such inquiries and investigations as to the source of the money as would indicate due business diligence. If this were such a case, it would be worthy of remark that the money in question was put into the partnership after the firm had existed several years, and though the appellee's partner had no apparent right or title or *indicia* of ownership, it does not appear that the appellee made any exertion whatever to ascertain the true ownership of the money or draft, or as to the reason why it was in the possession of Jones, or that he ever manifested any curiosity in the matter. See *In re Ketchum,* 1 Fed. 815.

But the case before us can not properly be characterized as one involving such a breach of trust on the part of appellee's partner. He did not obtain possession of his wife's money and invest it in the partnership business. The money never was in the individual possession of appellant's

husband. He, as he himself knew, had no interest in the money, or right to control its disposition. It belonged to the appellant, and without her knowledge or consent it was received from Jones by the appellee, on the order, it is said, of his partner. Neither the firm nor any of its members parted with anything of value for the money. The appellant did nothing to induce the appellee to change his condition, and it does not appear that she stood by, knowing that the appellee was changing his condition, without disclosing her interest. By the coöperation of the partners the firm appropriated the appellant's money and devoted it to the partnership purposes; one of the partners taking it into his possession for such purpose upon the order of the other, who did not hold possession thereof, and who had no right therein, real or apparent. The appellant, the owner of the money or draft thus taken and used, had not conferred any trust or bestowed any confidence on her husband, the appellee's partner, or done or said anything on which the appellee could claim a right to rely as an equitable estoppel. Even if the appellee supposed the money to be the property of his partner, or that he had the right to dispose of it, and if the answer had so alleged, such belief on his part is not shown to have been authorized by the appellant, and she was in no way responsible therefor. Having thus appropriated and used the money, the firm, and therefore each of the partners, were responsible as for money had and received to her use. The third paragraph of answer was insufficient on demurrer.

Judgment reversed.