## MASTERSON, ADMINISTRATRIX, *v.* SOUTHERN RAILWAY COMPANY ET AL.

[No. 21,260. Filed April 21, 1908.]

1. TRIAL.—*General Verdict.—Interrogatories.—Motions for Judgment.—Rulings.—Exceptions.—Appeal.*—Where, in an action by the personal representative of a deceased brakeman against the railroad company, the plaintiff had a general verdict, answers to interrogatories being returned therewith, and both parties moved for judgment, the sustaining of defendant's motion and rendition of judgment thereon, without plaintiff's exception, conclusively show plaintiff's acquiescence in such judgment, although in the same entry and immediately following a ruling is shown on plaintiff's motion, and an exception taken thereto by the plaintiff. p. 297.

2. SAME.—*Interrogatories.—Sustaining Motion for Judgment.—Effect.*—Sustaining a motion for judgment on answers to interrogatories, and rendering judgment thereon, annuls the general verdict, and conclusively precludes any motion in relation to such general verdict. p. 298.

3. SAME.—*Motions.—"Filing" of.*—A motion is "filed" in term time only where the filing is evidenced by the minutes of the court, and by an order-book entry. p. 299.

4. APPEAL.—*Transcript.—Order-Book Entry.—Court's File Mark.*—Where the transcript, on appeal, shows that a motion for judg-

ment was endorsed on January 23 with the trial court's file mark, and the record entry of January 26 reads: "and the plaintiff now moves the court for judgment," the endorsement will be disregarded, and such entry will be considered as conclusive evidence of the filing of such motion as of January 26.  p. 300.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Action by Ruth Masterson, as administratrix of the estate of Joseph Masterson, deceased, against the Southern Railway Company and others.  From a judgment for defendants, notwithstanding a general verdict for plaintiff for $3,500, plaintiff appeals.  On reversal by the Appellate Court, transferred to Supreme Court under subd. 2, §1394 Burns 1908, Acts 1901, p. 565, §10.  *Affirmed.*

*W. E. Cox, R. W. Armstrong* and *Jesse Bowman,* for appellant.

*John D. Welman, M. W. Fields, R. M. Milburn* and *A. P. Humphrey,* for appellees.

MONTGOMERY, J.—This cause was tried by jury, and on November 3, 1904, a general verdict was returned in favor of appellant.  With the general verdict the jury returned answers to interrogatories submitted; and thereupon each appellee filed a motion for judgment on the interrogatories and answers returned thereto by the jury, notwithstanding the general verdict, which motions were taken under advisement until the next term of court.  On January 26, 1905, the same being the twenty-second judicial day of the January term, 1905, of said court, the following proceedings were had as shown by the record: "Come now the parties hereto by counsel, and the court, being duly advised in the premises, sustains the motion of the defendants heretofore made for judgment on the interrogatories and answers thereto and now renders judgment thereon for said defendants.  It is, therefore, considered by the court that the plaintiff take nothing by her suit, and that the defendants recover of the plaintiff their costs and charges herein laid out and expended, and the plaintiff now

moves the court for judgment on the general verdict herein, which motion is overruled, to which the plaintiff at the time excepts.'' On the same day appellant also moved that the court correct and modify the judgment rendered for appellees, and render judgment in her favor upon the interrogatories and answers thereto, which motion the court overruled, and to this ruling appellant excepted. The only errors assigned are predicated upon the decisions of the court in overruling appellant's motion for judgment upon the general verdict, and her motion to modify and render judgment in her favor upon the interrogatories and answers thereto. It will be observed that no exception was saved to the action of the court in sustaining appellees' motion for judgment in their favor upon the special interrogatories and answers thereto, notwithstanding the general verdict. Appellant must, therefore, be regarded as having waived any error in this connection and acquiesced in the ruling. Appellant having neither objected nor excepted to the sustaining of appellee's motions, or to the judgment rendered in pursuance thereof by the trial court, is in no position to complain, for the first time in this court, of any alleged error in such action. *Train* v. *Gridley* (1871), 36 Ind. 241, 247; *Teal* v. *Spangler* (1880), 72 Ind. 381, 383; *Adams* v. *Board, etc.* (1905), 164 Ind. 108.

The granting of appellee's motion for judgment upon the interrogatories and answers *ipso facto* annulled and vacated the general verdict, and was decisive of all the questions which appellant seeks to present for review by this appeal. The motions made and relied upon by appellant are unauthorized by the code, and unknown to the practice. The general verdict was no longer in existence to serve as the basis of a motion for judgment. In discussing a similar question, in the case of *Citizens St. R. Co.* v. *Reed* (1902), 28 Ind. App. 629, 630, the Appellate Court aptly said: ''A motion that the court render judg-

ment when judgment has already been rendered is bad upon its face. The ruling upon a motion thus made cannot constitute reversible error. To hold otherwise would be to introduce discord and uncertainty into judicial records and proceedings, without advantage or excuse.''

An exception to be available should have been taken by appellant at the time to the decision of the court in sustaining appellees' motions for judgment, and that ruling properly assigned as error in this court. Elliott, App. Proc., §327; *Brown* v. *Searle* (1885), 104 Ind. 218; 24 Am. and Eng. Ency. Law (2d ed.), 817, 818.

It appears from an indorsement copied into the transcript that appellant's motion for judgment upon the general verdict was marked ''filed January 23, 1905,'' and be-

3. fore the court disposed of appellees' motion and rendered final judgment in their favor. If we should concede that the overruling of a motion seasonably made for judgment in accordance with the general verdict might form the basis of reviewable error, still we must hold that appellant's motion is shown to have been made too late to present any question. The filing of appellant's motion for judgment, whether done on January 23, or January 26, was in term time, and should have been noted upon the minutes of the court and evidenced by an order-book entry. Speaking with reference to the filing of instructions in term, the Appellate Court said: ''Filing, in this connection, means more than the stamping or indorsement of the file mark upon the instructions by the clerk. The attention of the court should be called to the filing, and the filing minuted in the court docket, and be made to appear as part of the court proceedings in the order-book.'' *Steeg* v. *Walls* (1892), 4 Ind. App. 18. See, also, *Thompson* v. *Thompson* (1901), 156 Ind. 276; *Williams* v. *Chapman* (1903), 160 Ind. 130; *Elrod* v. *Purlee* (1905), 165 Ind. 239.

The order-book entry imports verity to us, and cannot be impeached by this indorsement in the name of the clerk;

and upon the record as it comes to us appellant's motions must be regarded as having been filed on January 26, 1905, and too late, if otherwise proper, to present any question for review.

The judgment is accordingly affirmed.