SULLIVAN AND O'BRIEN, INC. *v.* KENNEDY

[No. 16,242. Filed February 13, 1940.]

*Roy L. Volstad,* for appellant.
*Delos Alig,* for appellee.

STEVENSON, J.—This is an action for the conversion of the appellee's automobile. The complaint alleged that on the 18th day of August, 1936, the appellee purchased from the appellant a new Plymouth automobile for the sum of $686.00. That the down payment for said automobile was made by the delivery to the appellant of appellee's Ford coupe which was taken and accepted by the appellant at the agreed price of $250.00. That the $436.00 balance due on the purchase price was to be paid in monthly installments. That possession was taken by appellee of the Plymouth automobile on said 18th day of August, 1936, and on the 19th day of August, 1936, he left the Plymouth automobile with the appellant for certain mechanical adjustments to be made thereon. That on the 20th day of

August, 1936, he called at the appellant's place of business for his Plymouth automobile and the appellant refused to deliver the same to him and informed him that they had sold it to another.

To this complaint the appellant filed an answer in general denial. The cause was submitted to a jury for trial which returned a verdict in favor of the appellee for $200.00 damages. Judgment was rendered on this verdict. The jury also answered certain interrogatories submitted and returned the same, with their verdict. A motion for new trial was filed and overruled and this appeal has been perfected.

The appellant assigns as error in this court (1) the overruling of appellant's motion for judgment on answers to interrogatories, and (2) the overruling of appellant's motion for new trial.

No question is presented by the appellant's first assignment of error. The record shows on its face that the court rendered judgment on the verdict on January 25, 1938, the day that the verdict was returned. A motion for judgment on answers to interrogatories was not filed until February 23, 1938. It is apparent that this motion was filed too late. "A motion that the court render judgment when judgment has already been rendered is bad upon its face. The ruling upon a motion thus made cannot constitute reversible error." *Citizens Street Railroad Co.* v. *Reed, Administratrix* (1902), 28 Ind. App. 629, 63 N. E. 770; *Masterson, Administrator* v. *Southern Railroad Co.* (1907), 170 Ind. 296, 84 N. E. 505. Neither can we consider this question under the assignment of error in overruling a motion for new trial. The overruling of a motion for judgment on answers of the jury to interrogatories is not properly presented by a motion for new trial.

The appellant further contends that there is no evidence sufficient to support the verdict of the jury. He contends that there is no showing that the appellant wrongfully took possession of the automobile in question and converted it to his own use. The facts disclose that the appellee's father came to the appellant's place of business and paid the balance due upon the purchase price of the automobile, whereupon the appellant delivered the automobile to the appellee's father. The appellant offered evidence tending to prove that this was done under the order and direction of the appellee. The jury found against the appellant on this contention and expressly found that the possession of the automobile was delivered to the appellee's father without the appellee's knowledge and consent.

Generally speaking, any sale or appropriation of property without the consent of the owner amounts to a conversion. *Comer* v. *Hayworth* (1902), 30 ██ Ind. App. 144, 65 N. E. 595; *First National Bank of Rensselaer* v. *Ransford* (1913), 55 Ind. App. 663, 104 N. E. 385.

"Conversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." *Prudential Insurance Co.* v. *Thatcher* (1937), 104 Ind. App. 14, 20, 4 N. E. (2d) 574. *Fagan* v. *Babacz* (1936), 102 Ind. App. 558, 1 N. E. (2d) 299.

There was ample evidence from which the jury could find that the appellant wrongfully sold and de-

livered the appellee's automobile to his father.  By so doing, the appellant wrongfully exercised dominion and control over the automobile in exclusion of and in defiance of the rights of the appellee as owner or possessor. This constitutes a conversion of the appellee's property. Wrongful intent is not an essential element. There was accordingly no error in overruling appellant's motion for new trial.

Judgment of the trial court is affirmed.