CASE 86—PETITION ORDINARY—FEBRUARY 7.

# Louisville & Nashville R. R. Co. v. Berry, &c.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

EVIDENCE.—In this action against a railroad company to recover for an injury to the plaintiff, a boy about fourteen years old, alleged to have been caused by a defective platform, by means of which the plaintiff was thrown under a moving train and crushed, it was not competent for the defendant to prove that the plaintiff was in the habit of jumping on moving trains at that place, and had been warned of the danger. The plaintiff having testified positively that the injury was caused by his stepping on a rotten plank in the platform, and being thrown under the train, and his statement corroborated by convincing circumstances, such testimony was not competent either to impeach the plaintiff or to show that the injury was caused by his negligence.

BARNETT, NOBLE & BARNETT AND WM. LINDSAY FOR APPELLANT.

The rejected evidence was competent. (Wharton on Evidence, sec. 38; Lawson on Presumptive Ev., p. 556.)

BAKER, KINNEY & KINNEY, O'NEAL, JACKSON & PHELPS AND JAMES W. HEAD FOR APPELLEES.

1. The defense of contributory negligence must be pleaded to be available. (Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, 46.)

2. Evidence as to the plaintiff's habits, or as to what he had done on former occasions was not competent.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee Berry, a boy about fourteen years of age, at the instance of Mrs. McGee, with whom he lived and by whom he was controlled, accompanied a lady and her child to the depot of the defendant, to aid her in boarding the train. It was after night, and dark when the train approached. The platform from which passengers get on and off the train lies between the two tracks of the railway, and is about four feet wide, with the edge of the cars when they reach the platform extending over it some four or five inches. After the boy had reached the platform and the lady had entered the car, the boy on leaving the platform stepped with one foot into a hole that had been caused by the rottening of the plank, causing the appellee to fall, with one leg protruding, under the wheels of the cars as they moved off, crushing his ankle and foot in such a manner as required his leg to be amputated. That the company knew of the defect in the platform, or by the exercise of ordinary care should have known it. He claimed and was awarded compensatory damages for the injury sustained. The case went to the Superior Court and was there affirmed, and an appeal was then prayed and granted to this court.

The boy testifies as to the fall caused by the defect in the platform and the injury received. The hole in the platform at the place where the boy says he was injured was visible, and caused by the decay of the timber; blood was seen near the place where the injury occurred, and he was carried from the spot by those who heard his cries of distress in that direction.

The foot or ankle was crushed as the train moved.

off. That the platform was much out of repair and had been for a long time, is sustained by the weight of the testimony, and the injury to this boy caused by this defect in the platform, that should have been observed and remedied by the defendant's employes. We are satisfied from the testimony that the injury resulted from the causes alleged in the petition, but the appellant, in making out its defense, insisted on proving by the appellee and others that he was in the habit of jumping on the cars when they stopped at the station, and had been warned of the danger, and hence the jury had the right to infer that it was the boy's own negligence that caused the injury, and not the defect in the platform. If the habit of the boy had been established, as the appellant offered to prove, it would not have authorized the jury to say that he was stealing a ride on the cars, and in getting off caused the injury. It is shown that he was sent to the depot by the lady with whom he lived. That he accompanied the passenger to the train at her instance, and had the right to be on the platform at the place where he was injured. That he was at this particular spot, and was injured by reason of the defective and rotten plank, is sworn to positively by the boy, and his statement corroborated by circumstances that are convincing, and the mere fact that he had been in the habit of exposing himself to danger on former occasions, or had theretofore placed himself in positions where he might have been injured in the same manner, was not only insufficent to contradict the testimony on that subject offered by the plaintiff, but was incompetent for any purpose. Neither the

boy's habits or his bad character constituted a defense to the recovery. The opinions of one or more witnesses for the appellant were permitted to go to the jury to the effect that the boy was not injured in the manner stated by him, and an instruction given by the court to the effect that if the boy was stealing a ride on the train of appellant, and thereby caused the injury, the company was not responsible. Whether there was proof to authorize such an instruction it is not necessary to determine, but the fact that he had previously been guilty of such negligence threw no light on the issue made. Such misconduct on the part of the appellee did not prevent him from recovering if injured by reason of this defect in the platform.

In Gahagan v. Railroad Co., 1 Allen, 187, the issue presented was as to the negligence of the company in the use of the highway at the time the plaintiff's intestate received the injury for which the recovery was asked. The plaintiff offered to prove the habit of the company at other times in the use of the highway, to show negligence, and the court held that it had no legitimate bearing on the issue, and was properly excluded.

There was evidence for both the appellee and the appellant showing the movements of the boy from the time he reached the depot until he was injured, and from that evidence the jury returned their verdict. "As a general rule, therefore, it is inadmissible when the issue is whether A did a particular thing, to put in evidence the fact that he did a similar thing at some other time. To admit evidence of such collateral acts would be to oppress the party implicated, by trying

him on a case as to which he has no notice to prepare, and sometimes by prejudicing the jury against him by publishing offenses of which, even if guilty, he may have long since repented, or may have long since been condoned." 1 Wharton on Evidence, section 29.

The effect of such testimony as was excluded in this case, if permitted to go to the jury, would have been to prejudice the jury, or at least lead their minds to the conclusion that if a bad boy, although injured by the neglect of the company, his measure of compensation should be lessened by reason of his reckless or mischievous habits.

We perceive no objection to the instructions; in fact, they were more favorable for the appellant than they should have been; nor does the alleged misconduct of the juror or counsel for the defendant authorize a reversal.

The judgment below is therefore affirmed, with damages.