Filed May 29, 1894.

———————◆———————

No. 1,107.

## Marion Street Railroad Company *v.* Carr.

Assignment of Errors.—*Assignment Unsupported by Record.*—*Assignment, Error in Overruling Motion for Judgment on Special Finding, etc.*—*Record, Overruling Motion for Judgment Non Obstante.*—An assignment of error that the court erred in overruling a motion for judgment on answers to interrogatories, notwithstanding the general verdict, has no foundation, and is without support, where the record discloses that the motion referred to was for judgment *non obstante veredicto*, the two motions being materially different from each other.

Same.—*Overruling Motion for Judgment, etc., can not be Made an Independent Assignment.*—*New Trial.*—Such question (the overruling of a motion for judgment on the special verdict, notwithstanding the general verdict) can not be presented to the appellate tribunal in the first place, but must be made a basis in a motion for a new trial.

Verdict.—*Sufficiency of Evidence.*—*Personal Injury.*—*Negligence.*—*Contributory Negligence.*—That the evidence is sufficient to sustain the verdict, see opinion.

From the Blackford Circuit Court.

*W. H. Carroll, G. G. Wharton* and. *G. Dean,* for appellant.

*W. Paulus, T. Dicken, J. Cantwell* and *S. W. Cantwell,* for appellee.

Marion Street Railroad Company *v.* Carr.

DAVIS, J.—This was an action for damages for personal injuries.

The negligence charged against appellant in the complaint is, in substance, that appellee was driving on one of the public streets in the city of Marion, along and in the center of which appellant owned and operated an electric street railway; that the animal he was driving became frightened as a coach was approaching from the opposite direction, and began to prance and shy over toward the said company's track, and refused to go· forward; that said coach was then and there running at a dangerous, reckless, and unusual rate of speed, and while so approaching, as aforesaid, appellant's servant then and there in charge of said coach, well knowing the dangerous condition appellee was placed in, negligently failed to check or attempt to stop said coach; that when said coach was about one-half square from appellee the said animal became unmanageable and ran across and over the said railway track, in front of said coach, when the coach ran upon and against said vehicle, whereby appellee was injured; and that his said injury was caused by the careless and negligent acts of appellant, without fault or negligence on the part of appellee.

From a judgment in favor of appellee appellant prosecutes this appeal.

Counsel for appellant say: "The only errors appellant presents to this court for its consideration are those of the court in overruling the motion for judgment on answers to interrogatories, notwithstanding the general verdict, and of overruling the motion for a new trial."

Counsel for appellee insist that the first error above mentioned "presents no question, as no motion was made by appellant, for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict."

The record recites that appellant filed a "motion for judgment in its favor *non obstante veredicto.*"

The question sought to be presented by the exception reserved to the ruling on this motion has been decided adversely to appellant.

Judge HOWK, in speaking for the Supreme Court, in the decision of an analagous question, in the case of *Wright* v. *Williams*, 83 Ind. 421, says:

"The appellant has assigned the following error: 'The court below erred in overruling the motion for a judgment *non obstante veredicto,* on the special findings of the jury.' The record shows that the appellant moved the court 'for a judgment *non obstante;*' but it does not show that any motion was made for a judgment on the special finding of facts, notwithstanding the general verdict. The two motions are widely different, each from the other, although the appellant seems to consider them, at least in this court, as one and the same. A motion for judgment *non obstante veredicto* is a motion for judgment on the pleadings, without regard to the verdict; but a motion for a judgment on the special finding of the facts, nothwithstanding the general verdict, has no reference whatever to the pleadings in the cause, and proceeds upon the theory that the special finding of facts by the jury is so inconsistent with their general verdict that 'the former shall control the latter, and the court shall give judgment accordingly.' Code of 1852, section 337; Code of 1881, section 390; section 547, R. S. 1881. In this case the court did not err in overruling the appellants motion for a judgment *non obstante veredicto;* and the record fails to show that he moved the court for a judgment in his favor on the special findings of the jury, notwithstanding their general verdict. It is claimed by the appellant that the special findings of the jury were inconsistent with their

general verdict, in this case; and that, for this reason, he was entitled to a judgment in his favor on the special findings of the jury, notwithstanding their general verdict against him. This question can not be presented for the first time in this court. Where, upon the trial of a civil cause, the jury have returned their general verdict against a party, and with their general verdict, their special findings upon particular questions of fact, submitted to them by the parties under the direction of the court, if such party believes that he is entitled to judgment in his favor on such special findings, notwithstanding the general verdict against him, he must move the trial court for such judgment, and, if the motion be overruled, save an exception to such ruling, in order to present the question for the decision of this court. These things were not done, in the case at bar, and therefore, the supposed inconsistency between the special findings of the jury and their general verdict is not properly presented for our consideration, and is not passed upon.''

The reasons assigned in the motion for a new trial are:

1. The verdict is contrary to the evidence.

2. The verdict is not supported by the evidence.

3. The verdict is contrary to the evidence and the law.

4. The answers to the interrogatories are not supported by the evidence.

The only question argued by counsel for appellant under this assignment is ''that the verdict is not supported by sufficient evidence.''

The evidence is not, in some respects, clear and convincing, but there is some evidence tending to sustain every material point in issue on appellee's theory of the case: that appellee was driving a two-year old colt at the time the accident occurred; that appellee had never driven the colt before; that he was driving it along a

street on which the appellant had its line of cars; that the colt had been driven all summer before the accident occurred, and never before became frightened, and on the night of the accident, the colt was driven by the appellee past the appellant's cars several times without becoming frightened, and was finally hitched to the rack and left standing within a short distance of the appellant's tracks on which the appellant's cars were passing and repassing, and, in the language of one of the witnesses, "she paid no attention to them;" that when appellee started home he unhitched the horse and again drove past one of appellant's cars, and the horse did not become frightened; that the street on which the accident occurred was the direct road leading to the appellee's home, and the one usually traveled by him, and was the only road by which he could reach home without going at least one-half mile out of the direct way; that when the car was a square away the horse became frightened, raised its head, began to shy around and to step to one side and then to the other, and the nearer they came together the horse got the more frightened; that appellee had no opportunity to turn off this street, but that he kept the horse at the edge of the street, as far away from the track as possible, and when the car came within forty feet, the horse would not go further forward, but jumped around, and when the car approached within twenty-five feet, turned suddenly and attempted to cross the track in front of the car; that for a distance of one square or more before the accident occurred appellee and the car were between two electric lights hanging over the street, and in addition thereto there was the headlight on the car, and at the point where the accident occurred there was a light shining across the street out of a grocery on the west side, and that the motorman might, in the exercise of ordinary care, have seen the appellee

when he and appellee were a square or more apart; and that he might, with the exercise of reasonable care, have seen that appellee was in a perilous situation, and that the motorman, instead of slackening the speed of the car, drove the same along at the speed of eight or ten miles an hour, although he might have stopped the car within a distance of twenty-five feet.

The fact that there is ample evidence in the record which would have authorized the jury in finding that appellant was not guilty of any negligence on this occasion, or that the injuries sustained by appellee were the result of his own fault, would not justify this court in disturbing the verdict on the evidence. Where there is any evidence fairly tending to support each point in issue necessary to a recovery, we can not weigh the evidence for the reason that, in our opinion, the preponderance was against the prevailing party. *Christy* v. *Holmes*, 57 Ind. 314; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Hammond* v. *Schweitzer*, 112 Ind. 246; *Continental Life Ins. Co.* v. *Yung*, 113 Ind. 159; *Isler* v. *Bland*, 117 Ind. 457; *First Nat'l Bank* v. *Williams*, 4 Ind. App. 501; *Zimmerman* v. *Snyder*, 6 Ind. App. 178; *Mason* v. *Douglas*, 6 Ind. App. 558.

When the facts hereinbefore set out, which there is some evidence at least tending to prove, are construed in the most favorable light for appellee, we can not adjudge, as a matter of law, that appellant was not guilty of negligence in the operation of the car on this occasion, which was the proximate cause of the injury; or that appellee was, under the circumstances, disclosed in fault on his part contributing to his injury. *Cincinnati, etc., R. W.* v. *Grames*, 136 Ind. 39; *Muncie St. R. W. Co.* v. *Maynard*, 5 Ind. App. 372; *Ellis* v. *Boston, etc., (Mass.)* 35 N. E. Rep. 1127.

No error in the proceedings in the trial court have been pointed out that would justify this court in reversing the judgment.

Judgment affirmed.

Filed June 6, 1894.