## THE INDIANA, ILLINOIS AND IOWA RAILROAD COMPANY v. MASTERSON.

[No. 2,107.　Filed October 22, 1896.]

RAILROADS.—*Passenger on Freight Train.—Contributory Negligence.* —A passenger on a freight train who leaves her seat to get a drink of water for her child is not guilty of contributory negligence so as to preclude a recovery for damages caused by a negligent stopping of the train.

SAME.—*Passenger on Freight Train.—Assumption of Risk.*—A passenger on a freight train does not assume the risks growing out of the negligent operation of such train.

SAME.—*Ticket Purchased in One State, Tort Occurring in Another.* —The fact that a passenger purchased his ticket in Illinois does not support the proposition that the company is not liable for a tort in Indiana.

From the Starke Circuit Court. *Affirmed.*

*H. K. Wheeler* and *A. I. Gould*, for appellant.

*J. W. Nichols* and *C. C. Kelley*, for appellee.

DAVIS, C. J.—This was an action by the appellee against the appellant for damages for injuries alleged to have been caused by the negligence of the appellant. A trial by jury resulted in a verdict and judgment in favor of appellee for $600.00.

Several errors have been assigned, but three questions only are discussed by counsel for appellant.

1. That appellee was guilty of contributory negligence.

2. That appellee assumed the risks which caused her injury when she took passage upon the freight train.

3. That appellant is not liable because the injury occurred in Illinois.

The evidence is in some respects conflicting, but

there is evidence in the record fairly proving that appellee was, when injured, a passenger upon appellant's freight train; that by the negligent application of the air-brake the caboose was suddenly stopped in such a manner as to violently shake and jar the passengers from their seats, throwing appellee to the floor, injuring her in such a manner as to cause a miscarriage, and that such injury occurred in Indiana. In particular there is evidence showing that on one occasion she was standing in the act of getting a drink for her child, when by reason of the negligent application of the air-brake she was suddenly and violently thrown across the seat, severely hurting her and almost knocking her senseless. In this connection it is proper to say there was evidence of witnesses claiming to be experienced railroad men tending to prove that the engineer is, under ordinary circumstances, able to stop a freight train by the proper application of the air-brake without causing sudden and violent stopping, jerking or jarring of the caboose. In this instance the engineer had no actual knowledge of the fact that there were passengers in the caboose, although it was a common practice for appellant to accept and carry passengers on this freight train. The negligence of appellant, however, is not controverted on this appeal.

1. We are not prepared to say, as a matter of law, that under the circumstances of this case a passenger on a freight train who leaves her seat to get a drink of water for her child is guilty of contributory negligence. *Pittsburgh, etc., R. W. Co.* v. *Klitch,* 11 Ind. App. 290, *Marion St. R.R. Co.* v. *Carr,* 10 Ind. App. 200; *Louisville, etc., R. W. Co.* v. *Costello,* 9 Ind. App. 462; *Louisville, etc., R. W. Co.* v. *Sears,* 11 Ind. App. 654; *Wahl* v *Shoulders,* 14 Ind. App. 665.

2. It is next insisted that she assumed the risks.

Conceding that she assumed the risks incident to the usual and ordinary jerking and jarring of the caboose in stopping the freight train, she did not, in our opinion, assume the additional and extraordinary risks growing out of the negligence of the employes on account of the improper application of the airbrake in such a manner as to suddenly and violently stop, jerk, and jar the caboose, throwing her across the seat and throwing other passengers from their seats.

We know of no principle of law under which the courts could hold that she assumed the risks growing out of the negligent operation of the freight train. The jerking and jarring of the caboose incident to the ordinary operation of the freight train did not cause her injury. The proximate cause of her injury was the sudden and violent stopping, jerking and jarring of the caboose occasioned by the negligence of the employe in charge of the train in the improper use and application of the air-brake.

3. Counsel for appellant next insist that the injury occurred in Illinois, and that the laws of Illinois govern the liability as to the injury, and that there is no evidence as to what the laws of Illinois were.

The journey commenced in Illinois and ended in Indiana. There was evidence justifying the inference that there was a continuous series of wrongful acts in both states, but that the specific wrongful act which caused the injury occurred in Indiana. The jury so found; and we would not be justified in setting aside the verdict on this ground.

The gravamen of the action is the negligence of appellant. The contract gave her the rights of a passenger. The negligence of appellant which caused the injury was a violation of the duty which the company owed appellee as a passenger.

The fact that the contract was made in Illinois does

not support the proposition that the appellant is not liable for the tort in Indiana. The action was properly prosecuted in Indiana. *Burns, Admr.,* v. *Grand Rapids, etc., R. R. Co.,* 113 Ind. 169, 176; *Cincinnati, etc., R. R. Co.* v. *McMullen, Admr.,* 117 Ind. 439.

We find no reversible error in the record.

Judgment affirmed.