POWERS *v.* SCUTCHFIELD.

[No. 20,043. Filed March 23, 1965. Rehearing denied May 4, 1965.]

*Roland Obenchain, Jr.*, and *Jones, Obenchain, John-son, Ford & Pankow*, of South Bend and *Albert B. Chipman*, and *Chipman & Chipman*, of Plymouth, for appellant.

*Don F. Kitch* and *George F. Stevens*, and *Stevens & Wampler*, of Plymouth, for appellee.

SMITH, J.—This action was instituted in the Marshall Circuit Court by Burlie Scutchfield, appellee herein, against Dr. Duane Powers, appellant herein, an osteopathic physician and surgeon engaged in the practice of his profession in the town of Culver, Indiana. The action sought to recover damages sustained by appellee as the result of certain alleged acts of malpractice on the part of the appellant.

The evidence discloses that, in the month of August 1958, the appellee sought the professional services of the appellant relative to treatment for a hernia and a hydrocele; that the appellant recommended and prescribed treatment for such hernia and hydrocele from August 1958 until the month of March 1959, at which time, pursuant to the advice of the appellant, the appellee entered the South Bend Osteopathic Hospital, there to undergo surgery for the correction of such hernia and the removal of the hydrocele; and that the appellant informed the appellee that Dr. Albert F. Kull, a resident surgeon at said hospital, was to perform the necessary surgery.

The evidence further discloses that Dr. Kull did not in fact perform the surgical services but that a Dr. Johnston, a member of the surgical staff of the South Bend Osteopathic Hospital, actually performed

these services; that this substitution of surgeons was accomplished without the knowledge of the appellee; that immediately following the operation the appellee suffered an infectious and swollen scrotum and testicles; and that as a result of the surgery the appellant was rendered impotent.

The complaint charges the appellant with the following acts of malpractice:

1. that the appellant negligently and unskillfully conducted himself in and about the correction of such hernia and the removal of said hydrocele, which caused the appellee's scrotum and testicles to become infected;

2. that the appellant administered a spinal block to the appellee in such an unskillful manner that the appellee suffers continuous pains to his back; and

3. that following the operation the appellant failed to properly attend the appellee.

From an examination of the evidence it appears that there was a failure on the part of the appellee to sustain the burden of proving some of the acts of negligence alleged in the complaint. Because of this failure the court withdrew the following issues from the consideration of the jury: (1) the contention that the appellant negligently caused the plaintiff's scrotum and testicles to become infected; (2) the contention that the appellant negligently administered a spinal block to the plaintiff; (3) any responsibility on the part of the appellant for the acts of the surgeon who performed the surgery; (4) any responsibility on the part of the appellant for not performing the surgery; and (5) any responsibility of the appellant because the appellee was hospitalized for a period of more than two days. These issues were withdrawn from the consideration of the jury by the giving of several mandatory instructions submitted by the appellant.

Therefore, the case was submitted to the jury for their determination on only two alleged acts of negligent malpractice, as charged in the complaint, namely, (1) that the appellant negligently and unskill-fully performed the operation, and (2) that the appellant failed to furnish proper post-operative care.

The errors assigned are as follows:

1. the court erred in overruling appellant's motion for a new trial; and

2. that the trial court erred in overruling appellant's motion for judgment on answers to the interrogatories.

The jury returned a verdict for the appellee and assessed his damages in the amount of $5,000.00.

It is the opinion of this court that the only assignment of error that is required to be determined on this appeal is whether or not the court erred in overruling appellant's motion for judgment on the answers to interrogatories.

Appellant's motion for judgment on answers to interrogatories was based on the jury's answers to interrogatories numbers 1, 4, 5, 6 and 7, which interrogatories and answers read in part as follows:

"Number 1. Question: Did Doctor Powers operate upon the plaintiff March 10, 1959, in South Bend Osteopathic Hospital?

Answer: No."

"Number 4. Question: Did the plaintiff's scrotum and testicles become infected after his operation on March 10, 1959?

Answer: Yes."

"Number 5. Question: Was the plaintiff impotent before March 10, 1959?

Answer: No."

"Number 6. Question: Was the plaintiff impotent after March 10, 1959?

Answer: Yes."

"Number 7. Question: . . . was the impotency caused by:·

(d) the surgery on March 10, 1959?

Answer: Yes.

(e) psychogenic factors?

Answer: Yes.

(g) post-operative care?

Answer: No."

The law is now well settled that, pursuant to Acts of 1881, ch. 38, §390, (§2-2023, Burns' Indiana Statute 1946 Replacement) when an answer to an interrogatory excludes every conclusion authorizing recovery by the party who has the general verdict, judgment should be entered on such answer. And this is true even if other answers given by the jury on other points favor the party relying on the general verdict. *Tribune-Star Publishing Company, Inc.* v. *Fortwendle* (1954), 124 Ind. App. 618, 621, 115 N. E. 2d 215 (Rehearing denied May 6, 1954 and Transfer denied June 24, 1954).

In determining whether there is a conflict between the general verdict and answers· to interrogatories, every reasonable presumption and inference must be indulged in favor of the general verdict, and nothing will be presumed or inferred in favor of the answers to interrogatories as against the general verdict. See, *Tribune-Star Publishing Company, Inc.* v. *Fortwendle, supra.* (citing cases)

From an examination of the interrogatories and the answers thereto, it is obvious to this court that the jury specifically found in their answer to interrogatory number 1 that the appellant did not in fact·

perform the surgery. Therefore, the only basis upon which the jury could have sustained their general verdict was to find that the impotency of the appellee was caused by the failure to properly attend the appellee during the post-operative period. However, the jury by their answer to interrogatory number 7 specifically found that the impotency was not caused by the failure of proper treatment during the post-operative period but instead was caused by the surgery and certain psychogenic factors.

The question of respondeat superior is not required to be answered by this appeal. However, the question of whether or not a family physician is legally responsible for the negligent acts of a surgeon has been decided by this court in the case of *Huber* v. *Protestant Deaconess Hospital, Etc. et al* (1957), 127 Ind. App. 565, 133 N. E. 2d 864. In this case the court held as follows:

> "In this age of specialization in the practice of medicine it is the duty and function of courts of law to apply rules of law with an intelligent understanding of developing civilization in the field of medicine and surgery. Certainly it would be unjust to hold a family physician responsible for negligent acts of a surgeon whom he might recommend."

From a review of the transcript it is apparent to this court that the surgeon who in fact performed the surgical services should have been joined as a defendant in this action and the jury should have been allowed to determine his liability—however, he was not made a party to this action. A proper implementation of discovery devices, made available to attorneys in the pleading stages of a law suit, would have readily revealed which doctor wielded the scalpel, and in fact performed the surgery. It is difficult for

this court to understand why such discovery devices were not employed by counsel for the appellee.

It is therefore the finding of this court that the answers to the interrogatories are in irreconcilable conflict with the general verdict; and the judgment is hereby reversed with instructions to the trial court to enter judgment for the appellant on the answers to the interrogatories.

Bierly, P.J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 326.