416

CITY OF TERRE HAUTE, ETC. *v*. JEFFRIES ET AL.

[No. 867S69. Filed November 13, 1968.]

*Cox, Zwerner, Gambill & Sullivan, James E. Sullivan,* Terre Haute, for appellants.

*Mann, Mann, Chaney, Johnson & Hicks, Hansford C. Mann,* Terre Haute, for appellees.

JACKSON, J.—Appellants herein instituted this action against the appellees for the appropriation of certain real estate owned by the appellees Carl H. and Sally L. Jeffries, husband and wife; appellee Indiana Savings Loan and Building Association was alleged to hold a mortgage on the real estate sought to be appropriated and was made a party to the action to answer to its interest therein.

The cause was originally filed in the Superior Court of Vigo County, Indiana. The complaint, omitting caption, signature and formal parts, is in the words and figures as follows:

"The Terre Haute Redevelopment Commission, in the name of the City of Terre Haute, State of Indiana, on behalf of the Department of Redevelopment of said City, complains of the defendants listed in the caption above and for cause of action alleges and says:

1. That plaintiff, the City of Terre Haute, acting through its legally organized and constituted Department of Redevelopment, is now engaged in the redevelopment of an area located in said City heretofore determined to be a blighted area in conformity with the Acts of the Indiana General Assembly 1953, Chapter 176, page 603, as amended, in which said area the real estate hereinafter described to be taken is located. The Terre Haute Redevelopment Commission, organized and acting pursuant to said Acts 1953, Chapter 176, page 603, as amended, after having adopted declaratory resolution and redevelopment plan approved pursuant to said Acts, deems it necessary to acquire the real estate hereinafter described to be taken by the exercise of the power of eminent domain, and pursuant to said Acts 1953, Chapter 176, page 603, Section 17, as amended, the said Commission has adopted a resolution setting out their determination to proceed and directing their attorney to file this petition in the name of the City

of Terre Haute, on behalf of its Department of Redevelopment, praying that appraisers be appointed to appraise the fair cash value of said real estate deemed necessary to be acquired to carry out the redevelopment Plan.

2. This action is brought to obtain the title and possession by the exercise of the power of eminent domain, for the purpose of carrying out said Redevelopment Plan, of the following described real estate located in the City of Terre Haute, Vigo County, State of Indiana, to-wit:

Lot Number Twelve (12), except forty (40) feet off the North side thereof in James Farrington's Subdivision of Lot Number Five (5) in Farrington's Subdivision of Out Lots Number Sixty-two (62), Sixty-three (63) and part of Sixty-four (64) of the original Town, now City of Terre Haute.

Together with all right, title and interest which the owner of the above described real estate may have in and to all alleys, roads and streets, ways, strips, gores, and railroad rights of way abutting or adjoining and accruing to the above described real estate and in any means of ingress and egress appertaining thereto.

3. The only persons or corporations who are in possession of said real estate to be taken and who appear to be the owners or have an interest therein, as shown by the tax duplicates and records in the offices of the Auditor and Recorder of Vigo County, are the defendants, Carl H. Jeffries and Sally L. Jeffries, husband and wife, subject to the mortgage lien of the defendant, Indiana Savings Loan and Building Association, of Terre Haute, and further subject to liens for unpaid property taxes, if any.

4. The declaratory resolutions and redevelopment plan hertofore adopted by the Terre Haute Redevelopment Commission and referred to in Rhetorical Paragraph 1 hereof, have been approved, and an approving order issued thereon by the Plan Commission of said City, the body charged with the duty of developing a general plan for the City of Terre Haute, Indiana, and has been approved by the Common Council of the City of Terre Haute, Indiana, and the said Terre Haute Redevelopment Commission has taken final action determining the public utility and the benefit of said public project, and confirming the said Declaratory Resolution, from which no appeals have been taken, and it is necessary that plaintiff acquire the real estate hereinabove described in Rhetorical Paragraph 2 hereof, for the

purpose of carrying out and consummating said Redevelopment Plan, all pursuant to the Acts of the Indiana General Assembly 1953, Chapter 176, page 603, as amended.

5. Plaintiff has, prior to the beginning of this action, through its Terre Haute Redevelopment Commission, endeavored to purchase the said real estate from the above owners referred to in Rhetorical Paragraph 3 hereof, but plaintiff has been unable to acquire said real estate by purchase by reason of the said defendants denying plaintiff's right to acquire said real estate pursuant to Chapter 176 of the Acts of 1953, and the failure of agreement as to purchase price therefor.

WHEREFORE, plaintiff prays that notice of the commencement of this action be given to the defendants herein as provided by law, and that three disinterested freeholders, residents of Vigo County, Indiana, be appointed to appraise the fair cash value of said real estate to be taken hereunder, and fix the damages, if any, and that such appraisers be ordered to report their appraisement as by law provided, within a reasonable time to be fixed by the Court, and that all other steps be taken and all proceedings had necessary for the City of Terre Haute, State of Indiana, to acquire by right of eminent domain for the use of benefit of its Department of Redevelopment, title in fee simple absolute and possession of said real estate herein, above described in Rhetorical Paragraph 2 hereof, for the purposes aforesaid, and for all other proper relief in the premises."

After appellees were notified of the commencement of this action, the Vigo Superior Court entered an order finding that plaintiff-appellant on behalf of its Department of Redevelopment was entitled to condemn and appropriate the property and property rights described in the complaint for the purposes therein specified. The court thereupon appointed three disinterested freeholders of Vigo County to appraise and assess the damages the defendants might sustain by reason of such appropriation. Thereafter, the said appraisers took an oath to honestly and impartially assess the damages to the defendants-appellees, and were duly instructed by the court. The said appraisers reported their appraisal to the court, such appraisal of total damages was in the amount

of Twenty-three Thousand Seven Hundred and Fifty Dollars ($23,750.00), computed by said appraisers as follows: Twelve Thousand Two Hundred and Fifty Dollars ($12,-250.00) for the fair market value of the land sought to be appropriated; Five Thousand Five Hundred Dollars ($5,500.00) for the fair market value of all improvements situated on the land sought to be appropriated; Six Thousand Dollars ($6,-000.00) for such other direct consequential damages as would result to the defendants from the taking of the property involved.

Both appellant and appellees filed exceptions to the said report and appraisal of the court appointed appraisers and prayed that the question of damages be submitted to trial by a jury.

Thereafter, the cause was venued to the Sullivan Circuit Court, Sullivan County, Indiana, where it was tried by a jury on the issues formed by appellant's complaint and the exceptions to the court appointed appraisers' award filed by appellant and appellees. The jury returned a verdict for the appellees against the appellant awarding appellees the sum of Forty-seven Thousand Dollars ($47,000.00). Together with its verdict, the jury returned answers to interrogatories submitted to it on appellant's motion, such answers to the interrogatories stated that the jury in arriving at its verdict did include therein the fair market value of the land to be appropriated and all improvements situate thereon, and that the jury in arriving at its verdict included therein damages for loss of business. The judgment of the trial court was entered on April 7, 1967, and reads as follows:

"Come now the defendants by Attorneys of Record and moves the Court for judgment on verdict heretofore returned herein, which motion is by the Court sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court upon verdict returned in this cause that the defendants, Carl H. Jeffries and Sally L. Jeffries recover of and from the plaintiff the sum of Forty Seven

Thousand Dollars ($47,000.00) together with the costs of this action herein laid out, expended and taxed at $———."

Thereafter on May 4, 1967, appellant filed its Motion For a New Trial, such motion contains eighteen (18) grounds and encompasses fourteen (14) pages of record. The motion is supported by a brief covering sixteen (16) pages of record. For obvious reasons both are excluded herefrom. The trial court overruled appellant's motion for new trial on May 25, 1967.

Thereafter, on June 13, 1967, appellant filed its Motion For Leave to Make Deposit with the court, which motion in pertinent part reads as follows:

"Comes now the City of Terre Haute on Behalf of its Department of Redevelopment by its attorneys, Cox, Zwerner, Gambill & Sullivan, and shows to the Court the following:

1. That pursuant to complaint heretofore filed in the above entitled cause, the Court did appoint Court-appointed appraisers to view and appraise the real estate sought to be appropriated herein and the Court-appointed appraisers did file in this cause their appraisal of the property involved herein, which appraisal was in the amount of $23,750.00, to which appraisal both the plaintiff and the defendants, Carl H. Jeffries and Sally L. Jeffries, excepted.

2. That the above entitled cause was tried by jury on or about the 7th day of April, 1967, and the jury returned a verdict for defendants in the amount of $47,000.00.

3. That on or about May 4, 1967, the plaintiff, The City of Terre Haute on Behalf of Its Department of Redevelopment, filed a Motion for New Trial in the above entitled cause, which motion for new trial was overruled by the Court on May 25, 1967.

4. That the plaintiff did on June 13, 1967 file with the Clerk of the Sullivan Circuit Court its praecipe for Transcript of Entire Record, and now intends heretofore to appeal the judgment heretofore rendered in this cause to the Supreme Court of the State of Indiana.

5. That the plaintiff proposes to pay into this Court in cash the sum of $47,000.00, the amount of the judgment heretofore rendered, which amount will be available to

defendants except that any withdrawals made by defendants in excess of the Court-appointed appraisers amount of $23,750.00 should be secured by bond in order to protect the rights of all parties to this cause during the period of appeal.

WHEREFORE, plaintiff prays for authority from this Court to deposit with the Court the sum of $47,000.00 in cash and further prays that this Court require defendants to provide proper security for any amounts withdrawn by defendants in excess of the Court-appointed appraisers appraisal figure of $23,750.00."

Thereafter on said 13th day of June, 1967, and without awaiting a ruling on its Motion For Leave to Make Deposit with the Court, appellant paid to the clerk of the Sullivan Circuit Court said sum of $47,000.00, together with the additional sum of One Hundred Ninety-five Dollars ($195.00), court costs in this action. On the same day, June 13, 1967, appellant filed its Praecipe for transcript with the clerk of the Sullivan Circuit Court.

Appellant's Assignment of Errors is the single specification:

"1. The Court erred in overruling appellant's Motion for New Trial."

The Assignment of Errors and the transcript were filed in the office of the Clerk of this Court on August 18, 1967, within time.

The primary question presented to the jury for determination in the case at bar was the amount of damages to be awarded to appellees for the appropriation of their property by the appellant. It is appellant's contention that the award of the jury, as expressed by its verdict, is (1) contrary to law in that included therein is compensation "for loss of business," (2) the verdict of the jury is not sustained by sufficient evidence in that the evidence of value most favorable to appellees was in the maximum amount of $27,000.00, (3) the damages assessed by the jury are excessive, and error in the assessment of the amount of recovery in that

the amount is too large, (4) the court erred in giving court's instruction No. 11, (5) in refusing to give plaintiffs' tendered instructions Nos. 1, 2, 4 and 5, and (6) the court erred in permitting testimony and other evidence, over appellant's objection, relative to appellees' gross sales in the sundry store for the years 1961 to 1966 inclusive.

Evidence adduced at the trial was to the affect that the Jeffries' property is located at the northeast corner of Third and Park Streets in the City of Terre Haute. "This property consists of a two chair barber shop that the Jeffries use as rental property, a sundry store area approximately 65 feet by 22 feet, a storage room 15 feet by 15 feet, and two story living quarters approximately 45 feet by 27 feet. Third Street has been improved in the last several years and there is presently a low rental housing project located about a block from the sundry store on the west side of the street; there is also a married housing dormitory for college students practically across the street from the sundry store and a new married housing dorm for college students presently being prepared. The residential property located on Third Street is of the middle income class. There is quite a bit of business being built up there, such as filling stations, motels and other businesses."

Since the institution of this appeal there has been filed herein a Motion to Dismiss Appeal Or In The Alternative to Affirm Judgment, filed August 25, 1967, which asserted that appellant has recognized the validity of the judgment of the trial court by voluntary payment of the judgment in full; payment of court costs; asserting its ownership of the condemned property—both in court and out of court; notification to appellees to pay rent; and by service of eviction notices on appellees, that by reason of the foregoing the questions attempted to be raised by appellant are moot, and the right of appeal has been waived. The motion is supported by affidavit.

Thereafter on September 28, 1967, a Supplemental Affidavit in Support of Alternative Motion to Dismiss or to Affirm Judgment was filed, in which it is averred that since the filing of the original affidavit in support of the motion aforesaid the City of Terre Haute has "actually charged and actually collected rent for the business buildings condemned in this cause and is currently charging appellees Carl H. Jeffries and Sally L. Jeffries rent on their home which has not yet been vacated, in the amount of Seventy-five Dollars ($75.00) per month."

Thereafter on December 13, 1967, appellees filed their second Supplemental Affidavit in Support of Alternative Motion to Dismiss or Affirm Judgment wherein they further aver that such second supplemental affidavit is based "upon the fact that, on Wednesday, November 15, 1967, the City of Terre Haute Department of Redevelopment offered for sale the land of the defendants which was condemned by the City of Terre Haute in the instant case. The legal advertisement referred to was published in the Terre Haute Star, . . . . Affiant submits that the action of the City of Terre Haute in offering for sale the land formerly belonging to the appellees is wholly inconsistent with its position adopted in its appeal wherein it claims that it has not accepted or recognized judgment in said cause in any way."

On March 18, 1968, appellees filed their third Supplemental Affidavit in Support of Alternative Motion to Dismiss or Affirm Judgment averring therein as follows:

"1. The original Motion to Dismiss the appeal in said cause was based upon Appellees' Affidavit that the City of Terre Haute had requested the Clerk of the Sullivan Circuit Court to bill it for the amount of the judgment, and had paid said judgment and costs, and had demanded the payment of rent to the City of Terre Haute by Appellees for the condemned property.

2. Thereafter, Appellees filed a Supplemental Affidavit in Support of the Alternative Motion to Dismiss or to Affirm the Judgment, by reason of the fact that the Appel-

lant had recognized the validity of the judgment in said cause by actually charging and actually collecting rent from the Appellees for the buildings condemned in said cause.

3. Appellees' Second Supplemental Affidavit was based upon the fact that the City of Terre Haute Department of Redevelopment offered for sale the land condemned and taken from the Appellees and set forth as exhibits the public notice and offering sheets.

4. This, Appellees' Third Supplemental Affidavit in Support of the Alternative Motion to Dismiss or to Affirm the Judgment, is based upon the fact that on December 14, 1967, the City of Terre Haute on behalf of its Department of Redevelopment presented the Clerk's Deed, on the property here involved, to the Vigo County Recorder and same was duly recorded in Deed Record No. 343 at pages 739-1 and 739-2, certified copy of which is attached hereto, made a part hereof and marked 'Exhibit A.'

5. This Affidavit is further based on the fact that the City of Terre Haute by its Department of Redevelopment has caused the buildings situated on the real estate formerly owned by the Appellees to be razed as evidenced by the photograph attached hereto, made a part hereof and marked 'Exhibit B,' said photograph having been taken on or about January 5, 1968.

6. This Affidavit is further based on the fact that on December 28, 1967, the Terre Haute Redevelopment Commission adopted Resolution No. 55, 1967 authorizing proper officers to contract for the sale of parcels 15-10, among others, to The Big Wheel Restaurants, Inc. Said parcel 15-10, including the property heretofore owned by Appellees and condemned by the City of Terre Haute Department of Redevelopment in the action which is the basis of the present attempted appeal. A certified copy of said Resolution No. 55, 1967 is attached hereto, made a part hereof and marked as 'Exhibit C.'

Affiant submits that the actions of the City of Terre Haute as heretofore enumerated in prior affidavits and as herein set forth are completely inconsistent with its position adopted in its appeal wherein it claims that it has not accepted or recognized the judgment in said Cause in any way."

Thereafter on September 12, 1968, appellees filed their Fourth Supplemental Affidavit in Support of Alternative Mo-

tion to Dismiss or to Affirm Judgment, such supplemental affidavit in pertinent part reads as follows:

> "Comes now the undersigned Hansford C. Mann, attorney for Appellees Carl H. Jeffries and Sally L. Jeffries, and being first duly sworn upon his oath, deposes and says:
> That the Appellant herein, on the 9th day of April, 1968, conveyed the land sought to be appropriated in said action, by its Quit Claim Deed, to Big Wheel Restaurants, Inc., of Lake County, Indiana, for a consideration of Sixty Five Thousand ($65,000.00) Dollars. That a certified copy of said Deed is attached hereto as Exhibit 'A.' "

It appears from the original Motion to Dismiss Appeal or in the Alternative to Affirm Judgment that defendants have received the judgment in the amount of Forty-seven Thousand Dollars and have satisfied and released the judgment of record, and that plaintiff has received and accepted the deed to the property.

The Motion to Dismiss the Appeal or in the Alternative to Affirm the Judgment must be disposed of before we proceed to a consideration of the questions presented by the appeal proper for in the event we sustain appellees' motion we need not consider or determine the appeal on its merits.

The alternative motion to dismiss the appeal or affirm the judgment is predicated on certain actions of the appellant, mentioned in the original motion and the several supplemental affidavits in support thereof, that the appellees apparently consider sufficient to constitute an estoppel of appellant's right to perfect its appeal. We are of the opinion appellees' contentions are persuasive, but not altogether controlling. We think that appellant was under no compulsion to accept or record the deed from the clerk, nor was it compelled to pay into court the amount of the damages fixed by the verdict of the jury and the judgment of the court prior to the time the court acted on its Motion For Leave to Make Deposit with the court, nor was it at that time com-

pelled to pay the costs in the trial court. The actions just referred to are in our opinion the voluntary acts of the appellant and may be and are considered in the same light as admissions against interest.

Appellant in its Motion for New Trial inter alia complains that in its answers to interrogatories submitted by it to the jury was the following: "5. Did the jury, in arriving at its verdict, include therein any damages for loss of business? Answer: Yes." Appellant in such motion seeks to have the judgment below reversed on the theory that as disclosed by the interrogatories the verdict is not sustained by the evidence, is contrary to law, the damages are excessive and the amount of recovery is too large.

In effect appellant is here seeking judgment on the answers to interrogatories by the jury conflicting with the general verdict.

In determining whether there is conflict between the general verdict and the answers to interrogatories, every reasonable presumption and inference must be indulged in favor of the general verdict, and nothing will be presumed or inferred in favor of the answers to interrogatories as against the general verdict. *Powers* v. *Scutchfield* (1965), 137 Ind. App. 211, 205 N. E. 2d 326; *Tribune-Star Publishing Co.* v. *Fortwendle* (1953), 124 Ind. App. 618, 115 N. E. 2d 215.

In order for a party to be granted a judgment on answers to interrogatories by the jury conflicting with the general verdict, he must move for judgment upon the special findings. *Bartlett* v. *The Pittsburgh, Cincinnati and St. Louis Railway Company* (1883), 94 Ind. 281; *The Toledo, Wabash and Western R. W. Co.* v. *Craft* (1878), 62 Ind. 395; *Marion Street Railroad Company* v. *Carr* (1894), 10 Ind. App. 200, 37 N. E. 952.

"Answers to interrogatories propounded to a jury may not be considered in determining the sufficiency of the evidence

to support the general verdict. If the appellants had decided to raise the question that the answers were in irreconcilable conflict with the general verdict, it should have been done by a motion for judgment on the answers. The appellants not having seen fit to do this, cannot raise the same question by indirection under a specification in the motion for new trial. Therefore, the answers to the interrogatories may not be considered on this appeal. *North-Western Mutual Fire Insurance Company* v. *Blankenship et al* (1883), 94 Ind. 535, 48 Am. Rep. 185; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 14 N. E. 509; *Masterson* v. *Southern R. Co.* (1907), 170 Ind. 296, 84 N. E. 505; *Sullivan & O'Brien, Inc.* v. *Kennedy* (1939), 107 Ind. App. 457, 25 N. E. 2d 267." *Hinds, Executor Etc.* v. *McNair, et al* (1955), 235 Ind. 34, 55, 129 N. E. 2d 553.

The judgment is affirmed.

Lewis, C. J., and Arterburn, J., concur in result; DeBruler, J., concurs; Hunter, J., concurs, with opinion.

### CONCURRING OPINION.

HUNTER, J.—I concur in the result reached by the majority insofar as the judgment of the trial court has not been disturbed. I believe we should have granted appellees' motion to dismiss the appeal by reason of the appellant City of Terre Haute's voluntary acceptance of the benefits of the trial court's judgment and the subsequent sale of the property to a private corporation.

NOTE.—Reported in 241 N. E. 349.